Andree J. LEOPOLD, Plaintiff–
Appellant,

v.

BACCARAT, INC., Defendant–Appellee.

No. 00–7256.

United States Court of Appeals,
Second Circuit.

Argued Oct. 13, 2000.

Decided Jan. 31, 2001.

Ludwig A. Saskor, Holland & Knight, New York, NY, for Plaintiff–Appellant.

Jeffrey H. Daichman, Kane Kessler, P.C., New York, NY, for Defendant–Appellee.

Before WALKER, Chief Judge, Van GRAAFEILAND, Circuit Judge, and MARRERO, District Judge.*

MARRERO, District Judge:

Plaintiff Andree Leopold ("Leopold") appeals the district court's grant of summary judgment for defendant Baccarat, Inc. ("Baccarat"). Leopold sued her employer, Baccarat, in 1994, alleging Baccarat was

vicariously liable for her supervisor's creation of a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Leopold alleged that her direct supervisor, Jonathan Watts ("Watts"), directed sexist comments toward her and her fellow female saleswomen and that Watts threatened to fire all of the saleswomen and replace them with " 'young and sexy' hires." *Leopold v. Baccarat, Inc.,* No. 95Civ.6475JSM, 2000 WL 174923, *1–2 (S.D.N.Y. Feb. 14, 2000). Initially, the district court granted judgment as a matter of law for the employer on this claim, but Leopold appealed and this Court, while affirming the district court's judgment to the extent that it incorporated the jury verdict against Leopold on her age discrimination claim, vacated the judgment as regards the hostile work environment claim and remanded for further proceedings. *See Leopold v. Baccarat,* 174 F.3d 261 (2d Cir.1999).

We disagreed with the district court's conclusion that Leopold's supervisor's "repeated threats to fire Leopold and her coworkers and replace them with 'young and sexy' hires" was insufficient to demonstrate a hostile work environment. *Id.* at 268. While the appeal was pending before the Court, the Supreme Court decided two cases elaborating on and reinforcing an affirmative defense for vicarious employer liability in the absence of adverse employment action. *See Faragher v. Boca Raton,* 524 U.S. 775, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998); *Burlington Indus. Inc. v. Ellerth,* 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998).

On remand, Baccarat moved again for summary judgment on the basis that the affirmative defense spelled out in *Burlington* and *Faragher* precluded judgment against it because Leopold unreasonably failed to take advantage of Baccarat's sexual harassment procedure. *See Leopold,*

* The Honorable Victor Marrero, of the United States District Court for the Southern District    of New York, sitting by designation.

2000 WL 174923, at *1. The district court granted summary judgment upon concluding that Baccarat had established an affirmative defense to liability as a matter of law by proving that it had adopted a reasonable anti-harassment policy with a complaint procedure in place and that Leopold unreasonably failed to take advantage of the procedure the company had provided. *See id.* at *3–5.

### DISCUSSION

In reviewing a grant of summary judgment, this Court engages in a de novo review of the record and focuses on whether there is a genuine issue as to any material fact and whether the moving party is entitled to judgment as a matter of law. *See Allstate Ins. Co. v. Mazzola,* 175 F.3d 255, 258 (2d Cir.1999).

■ An employer may be held vicariously liable under Title VII when a supervisor creates a hostile work environment. *See Faragher,* 524 U.S. at 807, 118 S.Ct. 2275; *Burlington,* 524 U.S. at 765, 118 S.Ct. 2257. However, an affirmative defense is available when the employer does not take any tangible employment action[1] in connection with the harassment. *See id.* This defense examines the reasonableness of the conduct of both the employer and the victimized employee. Specifically, the Supreme Court held that

> [t]he defense comprises two necessary elements: (a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise.

*Id.* at 807, 118 S.Ct. 2275; *Burlington,* 524 U.S. at 765, 118 S.Ct. 2257. It is well-established that a defendant, like Baccarat, bears the burden of proving its affirmative defense. Here, there is no evidence in the record that Baccarat took any tangible employment action against Leopold. The affirmative defense therefore is available to Baccarat upon proof of its component parts.

■ "An employer need not prove success in preventing harassing behavior in order to demonstrate that it exercised reasonable care in preventing and correcting sexually harassing conduct. Although not necessarily dispositive, the existence of an anti-harassment policy with complaint procedures is an important consideration in determining whether the employer has satisfied the first prong of this defense." *Caridad v. Metro–North Commuter R.R.,* 191 F.3d 283, 295 (1999). We conclude that Baccarat had in place an anti-harassment policy and an accompanying complaint procedure sufficient to satisfy the first element of its affirmative defense.

This complaint procedure instructed employees to speak to "any officer of the company" including the president if the supervisor could not handle a particular problem, or if, as was the case here, the supervisor was involved in the alleged harassment. *Leopold,* 2000 WL 174923, at *2. Leopold suggests that because Baccarat's policy fails to guarantee confidentiality and non-retaliation, we should hold that it does not satisfy the first element of the *Burlington/Faragher* affirmative defense. While some courts have cited with approval anti-harassment plans that guarantee confidentiality, *see e.g., Lara v. City of New York,* No. 97 Civ. 7663, 1999 WL 459803, *7 (S.D.N.Y. June 29, 1999), and no doubt we would do the same, we have not insisted that these two features are mandatory. *Cf. Caridad,* 191 F.3d at 295.

Regarding the second part of the defense—whether Leopold unreasonably failed to take advantage of internal corporate remedies—the Court is mindful that the district court's opinion on this point may be construed to have shifted the bur-

---

1. "Tangible employment action" refers to "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibili-

ties, or a decision causing a significant change in benefits." *Burlington,* 524 U.S. at 761, 118 S.Ct. 2257.

den of persuasion to require Leopold to prove that she acted reasonably, rather than requiring Baccarat to establish that Leopold acted unreasonably in failing to utilize the internal complaint procedure. The district court determined:

> As to the second element, Ms. Leopold asserts that she and her fellow employees did not complain about their supervisor's behavior because "we were too scared." However, she offers nothing from the extensive record in this case to substantiate these fears.

*Leopold,* 2000 WL 174923, at *5.

Baccarat bears the ultimate burden of persuasion to prove that Leopold acted unreasonably in failing to avail herself of the company's internal complaint procedures. Once an employer has satisfied its initial burden of demonstrating that an employee has completely failed to avail herself of the complaint procedure, the burden of production shifts to the employee to come forward with one or more reasons why the employee did not make use of the procedures. The employer may rely upon the absence or inadequacy of such a justification in carrying its ultimate burden of persuasion.

In *Caridad,* we elaborated on an employee's failure to satisfy the burden of production: "[F]or that reluctance [to report harassment] to preclude the employer's affirmative defense, it must be based on apprehension of what the employer might do. . . . [Plaintiff]'s reasons are not based on a credible fear that her complaint would not be taken seriously or that she would suffer some adverse employment action as a result of filing a complaint." 191 F.3d at 295. A credible fear must be based on more than the employee's subjective belief. Evidence must be produced to the effect that the employer has ignored or resisted similar complaints or has taken adverse actions against employees in response to such complaints.

Here, Leopold did not come forward with any such evidence, but instead simply asserted her apprehension that she would be fired for speaking up, and claimed generally that a co-worker's vague and ambiguous complaint was not taken seriously. *See Leopold,* 2000 WL 174923, at *5. Such conclusory assertions fail as a matter of law to constitute sufficient evidence to establish that her fear was "credible"—that "her complaint would not be taken seriously or that she would suffer some adverse employment action." *Caridad,* 191 F.3d at 295. We therefore hold, with Leopold's failure of production, that Baccarat has met its burden of proving the second element of the affirmative defense and that Leopold unreasonably failed to make use of the company's complaint procedure.

Based on the foregoing, the district court concluded properly that Baccarat had established the *Burlington/Faragher* affirmative defense to vicarious liability for a claim of sexual harassment. This Court has considered Leopold's other arguments and finds them to be without merit. Accordingly, the judgment of the district court is affirmed.