Michael T. PARNAHAY,
Plaintiff–Appellant,

v.

UNITED PARCEL SERVICE,
INC., Defendant–Appellee.

No. 00–7500.

United States Court of Appeals,
Second Circuit.

Oct. 3, 2001.

Michael T. Parnahay, Kunkletown, PA, for plaintiff-appellant.

Aaron J. Schindel, Proskauer Rose LLP, New York, NY, for defendant-appellee.

Present NEWMAN, CALABRESI, and SACK, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Plaintiff Appellant Michael T. Parnahay ("Parnahay"), proceeding *pro se,* appeals from an order of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge* ) granting the motion of Defendant Appellee United Parcel Service, Inc. ("UPS") for summary judgment.

Parnahay was hired by UPS in 1994 as a package car driver. He contends that, in January 1996, he sustained severe head injuries while unloading a truck. Shortly thereafter, Parnahay was placed on medical leave for seventeen months. After returning to work, Appellant was assigned to a telephone customer service position for approximately two months; he was later transferred to a computer position and, finally, given a job sweeping out trucks. Approximately eight months after his return to work, Parnahay was terminated and placed on disability leave. Parnahay brought this action under the Americans for Disabilities Act, 42 U.S.C. § 12101 *et seq.* (1994) (the "ADA"), claiming that his employer, UPS, failed reasonably to ac-

commodate his disability when, instead of creating a permanent, light-duty position for him, it placed him on a disability leave of absence.

In reply, UPS alleges that Parnahay suffered an epileptic seizure while in a UPS truck and was ultimately diagnosed with anaplastic astrocytoma, a type of brain tumor. As a result, he was no longer able to work as a driver and was placed on disability leave. When Parnahay resumed work in June 1997, he was, according to UPS, placed in a series of temporary, light-duty positions, each of which was created especially for Parnahay and none of which were the sole duties of any permanent UPS employee. Parnahay performed several discrete tasks, such as telephone customer service, handling "missorts," monitoring the "value cage," and sweeping out trucks. UPS states further, that following his return to work, Parnahay continued to suffer from seizures, which UPS ultimately deemed to be a safety hazard due to the close proximity of his work area to heavy machinery, conveyer belts, moving vehicles and elevated platforms. Because it had no permanent light-duty positions for Parnahay and had found that "there was no reasonable accommodation that would ameliorate the threat of injury" to Parnahay or his co-workers, UPS claims that it was forced to terminate Parnahay and place him on disability leave.

Following discovery, UPS moved for summary judgment, which the district court granted. Though counseled below, Parnahay, in response to UPS's motion for summary judgment, simply noted in a conclusory fashion that UPS could have easily accommodated his disability because of the company's sheer size and numerous positions at equivalent levels of seniority, pay and benefits. Because Parnahay failed to identify a specific position at UPS that was vacant and for which he was qualified, the district court held that Parnahay did not establish a prima facie case of discrimination.

We review *de novo* the district court's grant of summary judgment to determine whether the district court properly concluded that there was no genuine dispute as to any material fact and that the moving party was entitled to judgment as a matter of law. *See Leopold v. Baccarat, Inc.,* 239 F.3d 243, 245 (2d Cir.2001). In assessing whether judgment as a matter of law is proper, we review all evidence and draw all inferences in the light most favorable to the non-moving party. *See Byrnie v. Town of Cromwell Bd. of Educ.,* 243 F.3d 93, 101 (2d Cir.2001). We will affirm a grant of summary judgment as a matter of law only if no reasonable factfinder could return a verdict against the movant. *See id.* In the instant case, therefore, we must determine whether there is any basis in the record on which a factfinder reasonably could have found that Parnahay was a victim of discrimination because of his disability.

The ADA prohibits employers from discriminating against an "otherwise qualified" individual on the basis of his or her disability. 42 U.S.C. § 12112. An individual is "otherwise qualified" under the statute if he can, "with or without reasonable accommodation, . . . perform the essential functions of the employment that such individual holds or desires." *Id.* § 12111(8). We have held that, to make out a prima facie case under the ADA, the plaintiff must show "either that [he or] she can perform the essential functions of the job without accommodation or that [he or] she can do so with reasonable accommodation and that the employer refused to make such an accommodation." *Norville v. Staten Island Univ. Hosp.,* 196 F.3d 89, 99 (1999). Under the statute, "reassignment

to a vacant position" is a form of reasonable accommodation. 42 U.S.C. § 12111(9). It is, however, the plaintiff's burden to identify the accommodation. *See Kennedy v. Dresser Rand Co.*, 193 F.3d 120, 122 (2d Cir.1999) (per curiam).

Despite the existence of a dispute with respect to some of the facts of this case, there is no dispute that Parnahay can no longer perform the tasks for which he was initially hired. While Parnahay admits that he cannot be a driver for UPS, he contends that UPS could have met its accommodation requirement either by reassigning him to another position within the company (particularly one of the "positions" that he had performed before his termination), or by restructuring his work schedule so that he could work during hours when heavy machinery and other alleged hazards were not in use.

 Parnahay has not offered evidence that would support a claim that UPS refused to make a reasonable accommodation by failing to reassign him. The district court correctly noted that an employer need not reassign an employee if no position is vacant. *See Norville*, 196 F.3d at 99; *Mitchell v. Washingtonville Cent. Sch. Dist.*, 190 F.3d 1, 9 (2d Cir.1999). Nor is the employer obliged to create a new position to accommodate the employee. *Norville*, 196 F.3d at 99. Moreover, the plaintiff must demonstrate that he is qualified for a vacant position. *Id.* Parnahay has not succeeded in offering such evidence. He also has been unable to establish that the tasks that he performed while disabled can, by themselves, describe permanent positions at UPS.

 Furthermore, because Parnahay cannot establish that the temporary jobs to which he was assigned before his dismissal are actual jobs at UPS, he cannot meaningfully make a claim for part-time status in these jobs as a reasonable accommoda-

tion. Under the ADA, part-time work constitutes a reasonable accommodation, *see* 42 U.S.C. § 12111(9)(B), but again the burden rests on the employee who proposes such an accommodation to demonstrate that he could perform the essential functions of his job while working part-time. *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 336 n. 5 (2d Cir .2000). And Parnahay has offered no evidence suggesting that a light-duty position (part-time or not) for which he was qualified existed and was available.

While we are inclined to share Parnahay's skepticism of the claim that there was no permanent light-duty job in UPS that was vacant and that he could perform, we cannot find fault with the district court's determination that Parnahay simply failed to proffer evidence that such a job exists and, therefore, to make out a prima facie case of discrimination cognizable under the ADA. For, as the district court correctly noted, "[t]he record is . . . clear that there has not been an identification of a specific category [of] job to which plaintiff aspires and which he could do."

Having concluded that Parnahay was, on this ground, not a "qualified" individual for purposes of the ADA, we need not consider Appellee's assertion—which the district court also did not address—that Parnahay is not "qualified" under the ADA because his condition posed a direct threat to his safety and the safety of others.

Having reviewed all of Appellant's claims and found them to be without merit, we AFFIRM the district court's grant of summary judgment in favor of Appellee.