**Carole DUVIELLA, Plaintiff–Appellant,**

v.

**COUNSELING SERVICE OF the EASTERN DISTRICT OF NEW YORK, David Reeves, Defendants–Appellees.**

**Docket No. 02–7019.**

United States Court of Appeals, Second Circuit.

Nov. 21, 2002.

Ralph A. Somma, Somma, Zabell & Associates, LLP, Farmingdale, NY, for Appellant.

Barbara D. Goldberg, Mauro Goldberg & Lilling, LLP, Great Neck, NY, for Appellees.

Present KEARSE, McLAUGHLIN and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Eastern District of New York (Glasser, J.), it is hereby

ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff Carole Duviella appeals from a judgment of the United States District Court for the Eastern District of New York (Glasser, J.) granting defendants Counseling Service of the Eastern District of New York ("CSEDNY") and David Reeves' motion for summary judgment. Plaintiff, a part-time substance abuse therapist formerly employed by CSEDNY, sued CSEDNY and Reeves, her former supervisor, alleging that she was sexually harassed by Reeves and terminated in retaliation for her complaints of harassment, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, the New York State Human Rights Law, N.Y. Exec. Law § 296 *et seq.*, and the New York City Human Rights Law, N.Y.C. Admin. Code § 8–101 *et seq.*

An employer is presumptively liable for harassment by a supervisor, but may assert an affirmative defense by showing: "(a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Faragher v. City of Boca Raton,* 524 U.S. 775, 807, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998); *accord Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742, 765, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998). Duviella does not dispute that CSEDNY had a sexual harassment policy, "an important consideration in determining whether the employer has satisfied the first prong of this de-

fense," *Caridad v. Metro–North Commuter R.R.,* 191 F.3d 283, 295 (2d Cir.1999), but contends that there is a factual dispute as to the adequacy of CSEDNY's response because CSEDNY did not respond to her initial complaints to one of her Site Directors, Randy Frankel, and the investigation following her written complaint was a sham.

■ The district court correctly found that no reasonable fact-finder could conclude that plaintiff's initial complaints to Frankel were sufficient to alert CSEDNY that plaintiff was being harassed. In addition, even if Frankel's initial negative response to hearing more complaints deterred plaintiff from reporting the harassment to Frankel, plaintiff does not offer any reasonable explanation for her failure to complain to another supervisor consistent with the harassment policy's express terms. *Cf. Leopold v. Baccarat, Inc.,* 239 F.3d 243, 246 (2d Cir.2001) (to satisfy showing that failure to complain was reasonable, "[e]vidence must be produced to the effect that the employer has ignored or resisted similar complaints or has taken adverse actions against employees in response to such complaints"). Accordingly, substantially for the reasons stated by the district court, we agree that no reasonable jury could find that CSEDNY's harassment policy was inadequate.

Plaintiff also argues that the district court erred in finding that there was no dispute of fact as to the reasonableness of the investigation initiated by CSEDNY immediately after it learned of plaintiff's allegations on October 1, 1998. While plaintiff contends that the investigation was a sham because the Executive Director omitted from his November 3, 1998 report to the Board the fact that Reeves had lied about several corroborating facts, the notes on which plaintiff relies indicate that CSED-

NY learned that Reeves had lied about these facts over a month after the report was written. The Executive Director's notes of his meetings prior to December 8, 1998 do not suggest that in those meetings he believed Reeves was lying. We therefore conclude that the district court did not err in granting defendants' motion for summary judgment with respect to the first prong of the affirmative defense.

As to the second prong, for the reasons discussed above, we also find no dispute of material fact as to whether CSEDNY was aware of any complaint before it received the October 1, 1998 letter, and plaintiff has offered nothing suggesting that her failure to complain before that date was reasonable. *See Faragher*, 524 U.S. at 807–08, 118 S.Ct. 2275 ("a demonstration of such failure will normally suffice to satisfy the employer's burden under the second element of the defense").

■ Next, plaintiff claims that there is a dispute of material fact as to whether CSEDNY retaliated against her by eliminating a seniority provision from its employee handbook that she alleges would have protected her from termination and then terminating her after it restructured its part-time positions. We agree with the district court that assuming that the temporal proximity between her complaints and the termination, here approximately six months, suffices to make out a prima facie case of retaliation, plaintiff has produced no evidence suggesting that the legitimate non-discriminatory reasons offered by CSEDNY were pretextual. *See Holtz v. Rockefeller & Co.*, 258 F.3d 62, 81 (2d Cir.2001). While plaintiff argues that she was better qualified for the position because she is proficient in Spanish and available on Saturdays, she does not contend that the two part-time employees who were retained did not also have this skill or scheduling flexibility. More im-

portantly, two of plaintiff's supervisors had expressed serious concern with her group therapy skills in evaluations several months before plaintiff complained of the harassment, and Duviella has not identified any evidence in the record from which the jury could find that CSEDNY's explanation that it wanted to retain those therapists with the best group skills as a response to its financial troubles was pretextual.

Finally, plaintiff argues that the recall of Eva Caldwell, an employee who Duviella alleges was on disciplinary suspension, creates a disputed issue of fact on whether her termination was retaliatory. We disagree. Frankel testified that Caldwell was permitted to return from a leave of absence in April 1999 because CSEDNY believed that she was entitled to do so under the terms of her leave and because of her skill and experience with group therapy. There is nothing in the record that suggests that Frankel's explanation of why Caldwell was re-hired is pretextual, particularly as Frankel explained that Caldwell's ability to conduct group therapy sessions meant that she more than paid for her own salary.

We have considered plaintiff's other arguments and find them to be without merit. Accordingly, the judgment of the district court is hereby AFFIRMED.