Daisy RIOS, Plaintiff–Appellant,

v.

**BUFFALO AND FORT ERIE PUBLIC BRIDGE AUTHORITY, Defendant–Appellee.**

No. 08–1675–cv.

United States Court of Appeals, Second Circuit.

May 8, 2009.

Harvey P. Sanders, Sanders & Sanders, Cheektowaga, N.Y., for Appellant.

Mark A. Moldenhauer (James J. Rooney, on the brief), Bond, Schoeneck & King, PLLC, Buffalo, N.Y., for Appellee.

PRESENT: Hon. B.D. PARKER, Hon. RICHARD C. WESLEY, Circuit Judges, and Hon. J. GARVAN MURTHA, District Judge.[*]

### SUMMARY ORDER

Plaintiff–Appellant Daisy Rios appeals from a judgment of the United States District Court for the Western District of New York (Arcara, *C.J.*) granting summary judgment to Defendant–Appellee Buffalo and Fort Erie Public Bridge Authority (the "Authority") on Rios's hostile work environment claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"). We assume the parties' familiarity with the facts, procedural history, and scope of the issues presented on appeal.

We review the District Court's grant of summary judgment *de novo. Woodman v.* WWOR–TV, Inc., 411 F.3d 69, 75 (2d Cir. 2005). In order to grant a motion for summary judgment, a district court is required to find that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A "genuine" dispute is one for which "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," *Nabisco, Inc. v. Warner–Lambert Co.*, 220 F.3d 43, 45 (2d Cir.2000) (internal quotation marks omitted), and a "material" fact is one that "might affect the outcome of the suit under the governing law." *Overton v. N.Y. State Div. of Military & Naval Affairs*, 373 F.3d 83, 89 (2d Cir.2004) (internal quotation marks omitted). In assessing whether to grant summary judgment, a court must view the record in the light most favorable to the nonmoving party and must resolve all ambiguities against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

A plaintiff bringing a hostile work environment claim must establish (1) that she was subject to harassment so "severe or pervasive" that it altered the conditions of her employment and created an abusive work environment; and (2) that there is a sufficient basis for imputing the objectionable conduct to her employer. *Alfano v. Costello*, 294 F.3d 365, 373 (2d Cir.2002). Satisfaction of the first prong requires proving both that the plaintiff "subjectively perceived the environment to be abusive, [and] that the environment was objectively hostile and abusive." *Demoret v. Zegarelli*, 451 F.3d 140, 149 (2d Cir.2006). In gauging whether this prong has been satisfied, we consider the totality of the circumstances of the plaintiff's work envi-

---

[*] The Honorable J. Garvan Murtha of the United States District Court for the District of Vermont, sitting by designation.

ronment. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993). With regard to the second prong, where co-worker harassment is alleged, the plaintiff must establish that her employer knew or reasonably should have known about the harassment and failed to take reasonable remedial action. *Petrosino v. Bell Atlantic*, 385 F.3d 210, 225 (2d Cir.2004). By contrast, if the plaintiff claims that her supervisor perpetrated the harassment, the employer will be liable *unless* it establishes as an affirmative defense that (1) it exercised reasonable care to prevent and promptly correct any objectionable behavior; and (2) that the plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities offered by the employer or failed otherwise to avoid harm. *See id.*

■ We conclude that the District Court properly granted the Authority summary judgment on Rios's hostile work environment claim. Rios points to several independent incidents of gender– and ethnicity–based harassment and argues that many of them were sufficiently severe or pervasive to create a genuine issue of material fact as to the existence of a hostile work environment. While cognizant of the offensiveness of the sexually explicit and ethnically derogatory literature and remarks to which Rios was exposed during her thirteen-year tenure at the Authority, we agree with the District Court that these incidents were too occasional and episodic to have created an objectively hostile work environment. *See, e.g., Alfano*, 294 F.3d at 374 ("As a general rule, incidents must be more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive.") (internal quotation marks omitted).

■ Even were we to determine that Rios's allegations of harassment satisfied the first prong of the test, we still would conclude that Rios failed to establish the second prong. With respect to Rios's allegations of co-worker harassment, the record reflects that the Authority responded to Rios's complaints with reasonable remedial measures, including an investigation seeking to identify the creator of the 1995 cartoon; issuance of a cautionary memorandum to all employees and modification of Rios's locker in the wake of the 2001 drawings; removal of the graffiti in 2002 and issuance of a memorandum; posting of notices to employees reminding them of the Authority's ban on pornographic materials; and an extensive investigation into the source of the offensive cartoons depicting Rios and her co-worker in 2003 paired with issuance of a memorandum.

■ As for Rios's allegations of supervisor harassment, we conclude that the anti-harassment policies maintained by the Authority over the course of Rios's thirteen years of employment, its related employee training programs, and its complaint resolution system sufficed to establish reasonable care on the part of the Authority. *See Leopold v. Baccarat, Inc.*, 239 F.3d 243, 245 (2d Cir.2001) (internal quotation marks omitted). The Authority also has established the second prong of its affirmative defense in pointing to Rios's failure to complain formally about her supervisors' misconduct. *See id.*

We have considered Rios's remaining contentions and find them to be without merit.

The judgment of the District Court is AFFIRMED.