11-4977-cv
Scoppettone v. Mamma Lombardi's Pizzico, Inc.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of March, two thousand thirteen.

PRESENT: JOHN M. WALKER, Jr.,
     RICHARD C. WESLEY,
     PETER W. HALL,
        *Circuit Judges.*

———————————————————————

ANNMARIE SCOPPETTONE,

       *Plaintiff-Appellant,*

   -v.-            11-4977-cv

MAMMA LOMBARDI'S PIZZICO, INC. d/b/a VILLA LOMBARDI'S,

       *Defendant-Appellant.*

———————————————————————

FOR APPELLANT:   SAUL D. ZABELL, Zabell & Associates, Bohemia, NY.

FOR APPELLEE:   HOPE SENZER GABOR, Carle Place, NY.

Appeal from the United States District Court for the Eastern District of New York (Platt, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Eastern District of New York be **AFFIRMED.**

Plaintiff-Appellant Annmarie Scoppettone appeals from the district court's award of summary judgment in favor of Mamma Lombardi's, embodied in the court's Memorandum and Order dated November 9, 2011. Scoppettone claims that Mamma Lombardi's allowed her to suffer a hostile work environment because of her sex in violation of Title VII of the Civil Rights Act of 1964, retaliated against her for complaining about the work environment, and failed to pay her minimum wage as required by the Fair Labor Standards Act. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.[*]

Scoppettone argues that the district court improperly concluded that Zackary Will, one of the employees who harassed her, was not her supervisor for purposes of Title VII. When a plaintiff seeks to hold an employer vicariously liable for harassment by a co-employee, liability "depends

---

[*]"We review a district court's grant of summary judgment de novo, construing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor." *Kuebel v. Black & Decker, Inc.*, 643 F.3d 352, 358 (2d Cir. 2011). "Summary judgment is appropriate only '[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Donnelly v. Greenburgh Cent. Sch. Dist. No. 7*, 691 F.3d 134, 141 (2d Cir. 2012) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

2

on whether the power – economic *or otherwise*, of the harassing employee over the subordinate victim given by the employer to the harasser – enabled the harasser, or materially augmented his or her ability, to create or maintain the hostile work environment." *Mack v. Otis Elev. Co.*, 326 F.3d 116, 125 (2d Cir. 2003) (emphasis in original).

Although Scoppettone introduced evidence that Will initially served as her trainer and occupied a higher position in the restaurant's hierarchy, nothing in the record demonstrates that power "given by [Mamma Lombardi's] to [Will]" enabled or aided Will in engaging in harassing behavior. *See id.* Indeed, the most egregious incident, which took place in a freezer, occurred while both Will and Scoppettone were following instructions given by an employee who outranked both of them. Unlike the plaintiff in *Mack*, Scoppettone was not especially vulnerable to Will because he was not the only employee present who outranked her. Although she may have believed that he had the authority to assign her tasks, there is no evidence that he possessed the sort of supervisory power that could subject Mamma Lombardi's to vicarious liability.

3

Thus, the behavior of both Will and Alex Lopez, the other employee whom Scoppettone accuses (and who indisputably was not her supervisor), is subject to the standard governing co-worker harassment: Mamma Lombardi's will not be liable unless it either "provided no reasonable avenue for complaint or knew of the harassment but did nothing about it." *Karibian v. Columbia Univ.*, 14 F.3d 773, 779 (2d Cir. 1994) (internal quotation marks and citation omitted).

We agree with the district court that Mamma Lombardi's provided a reasonable avenue for complaint: it had in place a sexual-harassment policy indicating that an employee could speak to his or her supervisor, the human resources manager, or the owner. In the related context of determining whether an employer may avoid liability for harassment perpetrated by a supervisor, we have recognized that "the existence of an anti-harassment policy with complaint procedures is an important consideration" in deciding whether the employer has exercised reasonable care to prevent harassment. *Leopold v. Baccarat, Inc.*, 239 F.3d 243, 245 (2d Cir. 2001); *see also Duch v. Jakubek*, 588 F.3d 757, 762-63 (2d Cir. 2009) (finding harassment policy adequate when employee had

4

"received a booklet" and multiple avenues existed for complaint).

Moreover, as the district court noted, Mamma Lombardi's fired Will almost immediately upon hearing Scoppettone's complaint, and the human resources manager interviewed Lopez. Although Scoppettone protests the manager's failure to fire Lopez, nothing requires an employer to automatically fire one employee based on another's complaints. The manager determined that no further action was warranted, and Scoppettone does not allege that Lopez's actions continued after her complaint. *Cf. Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 72 (2d Cir. 2000) ("[W]e have held that if harassment continues after complaints are made, reasonable jurors may disagree about whether an employer's response was adequate.").

For similar reasons, Scoppettone's claim that Mamma Lombardi's retaliated against her by not firing Lopez also fails. "[A]n employer's failure to investigate a complaint of discrimination cannot be considered an adverse employment action taken in retaliation for the filing of the same discrimination complaint." *Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 721 (2d Cir. 2010). There is

5

insufficient evidence to enable a reasonable jury to find that the failure to fire Lopez – or deficiencies in the investigation that led to such failure – amounted to more than mere negligence.  *See Petrosino v. Bell Atlantic*, 385 F.3d 210, 229-30 (2d Cir. 2004) (noting that an employer will not be liable for a constructive discharge claim due to negligence).

We have considered Scoppettone's remaining arguments and find them to be without merit.  For the foregoing reasons, the district court's grant of summary judgment in favor of Mamma Lombardi's is hereby **AFFIRMED.**

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk