16-1876-cv
*Magnusson v. County of Suffolk, et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11ᵗʰ day of May, two thousand seventeen.

PRESENT:    JOSÉ A. CABRANES,
            RAYMOND J. LOHIER, JR.,
                    *Circuit Judges.*
            KATHERINE B. FORREST,
                    *District Judge.*[*]

---

ARLINE MAGNUSSON,

        *Plaintiff-Appellant,*        16-1876-cv

        v.

COUNTY OF SUFFOLK, KEVIN SPENCE, ROBERT
BECK, each in their individual and official capacities,

        *Defendants-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:**        Alexander T. Coleman, Michael J.
        Borrelli, Pooja Bhutani, Borreli &
        Associates, PLLC, Great Neck, NY.

---

[*] Judge Katherine B. Forrest, of the United States District Court for the Southern District of New York, sitting by designation.

1

**FOR DEFENDANTS-APPELLEES:**          Dennis M. Brown, Suffolk County
Attorney, Luz Adriana Lopez, Assistant
County Attorney, *for* the County of
Suffolk, Hauppauge, NY.

Appeal from the judgment of the United States District Court for the Eastern District of New York (Sandra J. Feuerstein, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Arline Magnusson (the "Plaintiff"), a custodial worker in the Suffolk County Department of Public Works ("DPW"), appeals from a May 17, 2016 decision of the district court granting summary judgment to the County of Suffolk (the "County"), Kevin Spence, and Robert Beck (collectively, the "Defendants"). On appeal, she argues that the district court erred in granting summary judgment on her Title VII hostile work environment claim against the County and her Equal Protection Clause claim against the Defendants pursuant to 42 U.S.C. § 1983.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## STANDARD

We review *de novo* orders granting summary judgment pursuant to Rule 56 of the Federal Rules Civil Procedure. Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014). A genuine dispute of material fact exists "where the evidence, viewed in the light most favorable to the nonmoving party, is such that a reasonable jury could decide in that party's favor." *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 843 (2d Cir. 2013) (internal quotation mark omitted). We are required to resolve all ambiguities and draw all inferences in favor of the nonmoving party. *Id.*

## DISCUSSION

As an initial matter, we agree with the district court that Plaintiff's claims that are premised on sexual harassment are timely under both Title VII and § 1983. *See* Special App'x at 13-15. We also agree that that the Plaintiff's claims that are premised on sexual orientation harassment are timely under Title VII and untimely under § 1983. *See id.* We address only the Plaintiff's timely claims on this appeal.

### A. Title VII Claim

---

[1] The Plaintiff has abandoned her retaliation and adverse employment action claims.

2

We need not reach the question of whether the County's conduct constitutes sex discrimination that would be covered under Title VII because the Plaintiff failed to follow the County's internal grievance procedures. "An employer may defend against [a hostile work environment claim] by showing both (1) that it had installed a readily accessible and effective policy for reporting and resolving complaints of sexual harassment, and (2) that the plaintiff unreasonably failed to avail herself of that employer-provided preventive or remedial apparatus." *Pa. State Police v. Suders*, 542 U.S. 129, 134 (2004).

As the district court explained, the County maintained a sexual harassment policy for the entire term of the Plaintiff's employment. Special App'x at 20. The Plaintiff received documents instructing her on the DPW's sexual harassment reporting procedures from both the DPW and her own union. *Id.* And Plaintiff never provided appropriate County employees with any notice of the alleged incidents of harassment before initiating the EEOC action. *Id.* Accordingly, even if the Plaintiff had an otherwise viable hostile work environment claim, the County is protected from Title VII liability under this affirmative defense.

There are instances where an employee's failure to report sexual harassment can be excused if the employee has a credible fear of retaliation or believes that the complaint would be futile. *See, e.g., Leopold v. Baccarat*, 239 F.3d 243, 246 (2d Cir. 2001). On this record, we conclude that Plaintiff's conclusory assertions that she feared retaliation or that complaining would be futile "fail as a matter of law to constitute sufficient evidence to establish that her fear was 'credible.'" *Id.* (quoting *Caridad v. Metro-North Commuter R.R.*, 191 F.3d 283, 295 (1999)).

### B.  Equal Protection Claim

We also agree with the district court that the Plaintiff does not have a viable hostile work environment claim under § 1983. The incidents in 2003 and 2012, while inappropriate, occurred nine years apart, and the Plaintiff has not presented evidence that these incidents unreasonably interfered with her job performance, *see Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993), or were "sufficiently severe . . . to alter the conditions of [the Plaintiff's] employment and create an abusive working environment," *Wiercinski v. Mangia 57, Inc.*, 787 F.3d 106, 113 (2d Cir. 2015). ) Accordingly, we conclude that the Plaintiff does not have a viable hostile work environment claim under 42 U.S.C. § 1983.

### CONCLUSION

We have considered all of the arguments raised by Plaintiff and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3