19-2471-ag
*G4S Int'l Emp't Servs (Jersey), et al. v. Newton-Sealey, et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2019

(Argued:  June 26, 2020          Decided: September 17 , 2020)

Docket No. 19-2471-ag

———————————————

G4S INTERNATIONAL EMPLOYMENT SERVICES (JERSEY), LTD., A SUCCESSOR-IN-INTEREST TO ARMORGROUP SERVICES (JERSEY), LTD., CONTINENTAL INSURANCE COMPANY, SUCCESSOR-BY-MERGER TO FIDELITY & CASUALTY COMPANY OF NEW YORK,

*Petitioners,*

*v.*

DAVID G. NEWTON-SEALEY, UNITED STATES DEPARTMENT OF LABOR, DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS,

*Respondents.*

———————————————

ON PETITION FOR REVIEW FROM
THE UNITED STATES DEPARTMENT OF LABOR BENEFITS REVIEW BOARD

———————————————

Before:

WINTER, CALABRESI, and CHIN, *Circuit Judges.*

———————————————

Petition for review of a decision and order of the United States Department of Labor Benefits Review Board affirming the decision and order of an Administrative Law Judge awarding disability benefits to an employee of a defense contractor under the Defense Base Act, 42 U.S.C. §§ 1651-54, which extends workers' compensation benefits under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.*, to certain employees of U.S. government contractors working overseas. The employer and its insurance carrier contend that the Benefits Review Board erred in upholding the award of benefits.

PETITION FOR REVIEW DENIED.

—————————————

MICHAEL W. THOMAS, Thomas Quinn, LLP, San
Francisco, California, *for Petitioners*.

GARY B. PITTS, Pitts, Mills & Ratcliff, Houston,
Texas, *for Respondents*.

—————————————

PER CURIAM:

Petitioners G4S International Employment Services (Jersey), Ltd. ("G4S Jersey"), as successor-in-interest to ArmorGroup Services (Jersey), Ltd. ("AG Jersey"), and Continental Insurance Company, as successor-by-merger to

2

Fidelity & Casualty Company of New York, seek review of a decision and order of the Department of Labor Benefits Review Board (the "Board") issued June 28, 2019 affirming the decision and order on second remand of the Administrative Law Judge (the "ALJ") awarding respondent David Newton-Sealey disability benefits under the Defense Base Act, 42 U.S.C. §§ 1651-54 (the "DBA"), which extends workers' compensation benefits under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq*. (the "LHWCA"), to certain employees of U.S. government contractors working overseas. On appeal, petitioners argue that the Board erred in affirming the award of benefits to Newton-Sealey. For the reasons set forth below, the petition for review is denied.

## *BACKGROUND*

In 2003, Newton-Sealey, a British citizen, was hired by AG Jersey to provide security in Iraq for engineers working for Bechtel, a U.S. engineering and construction company. On March 23, 2004 Newton-Sealey was seriously injured while on the job when the vehicle he was driving was struck by an apparently hostile Iraqi vehicle. Following the incident, petitioners began providing Newton-Sealey compensation and medical benefits. On May 3, 2007, Newton-

Sealey timely filed a claim for benefits with the United States Department of Labor, Office of Workers' Compensation Programs (the "OWCP").

On April 30, 2007, Newton-Sealey filed suit in the United Kingdom against AG Jersey, ArmorGroup Services Ltd. ("AG UK"), and ArmorGroup International plc ("AG PLC").[1] On December 16, 2009, Newton-Sealey entered into a settlement with AG Jersey, AG UK, and AG PLC for an amount less than he would be entitled to under the DBA. Newton-Sealey did not obtain the written permission of "the employer and the employer's carrier" prior to entering into the settlement. *See* 33 U.S.C. 933(g)(1) (providing that "[i]f the [employee] enters into a settlement with a third person . . . the employer shall be liable for compensation . . . only if written approval of the settlement is obtained from the employer and the employer's carrier[] before the settlement is executed"). On August 25, 2010, petitioners informed the OWCP that, as a result of the U.K. settlement, § 933(g) of the LHWCA barred Newton-Sealey from receiving further benefits. Newton-Sealey contested this assertion, and the matter was submitted to the ALJ.

---

[1] In May 2008, because of a corporate acquisition, AG Jersey became G4S Jersey, AG UK became G4S Risk Management ("G4S RM"), and AG PLC became G4S plc ("G4S PLC"). To avoid confusion, we will use the parties' original names throughout.

4

On May 1, 2012, the ALJ found that while both AG UK and AG Jersey were employers within the meaning of § 933(g), AG PLC was a third party and thus Newton-Sealey was barred from receiving further benefits under the Act. Newton-Sealey appealed to the Board, and on May 29, 2013 the Board vacated the ALJ's decision "because . . . [the] analysis of the facts of this case in terms of the employer-employee relationship tests is vague and, therefore, unreviewable," and remanded for the ALJ to consider which employment relationship test best applied and then to apply that test. S. App'x at 139-40. On April 29, 2014, the ALJ again concluded that AG PLC was a third party and that Newton-Sealey's claim was barred under § 933(g).

Newton-Sealey once again appealed to the Board, and, on May 6, 2015 the Board determined that because § 933(g) is an affirmative defense, AG Jersey bore the burden of proving that AG UK and AG PLC were third parties and that it had failed to do so. The matter returned to the ALJ, who concluded on October 23, 2018 that it had "no real alternative but to interpret the Board's order as finding as a matter of law that Section [933(g)] does not apply to this case," and entered an order in favor of Newton-Sealey. S. App'x at 35-36. Petitioners moved for reconsideration, arguing that the Board did not intend to

5

find as a matter of law that § 933(g) did not apply, and the ALJ denied the motion on November 15, 2018. On June 28, 2019, on further review, the Board concluded that it had resolved the applicability of § 933(g) in its May 6, 2015 decision and affirmed the ALJ's October 23, 2018 decision and order and the award of benefits to Newton-Sealey.

Petitioners petitioned this Court for review, with the principal issue on review being whether, because Newton-Sealey reached a settlement with AG Jersey, AG UK, and AG PLC in the U.K. proceeding, his claim under the DBA is barred by § 933(g).[2]

### DISCUSSION

Our review of decisions of the Board is "limited to whether the Board made any errors of law and whether the findings of fact of the ALJ are supported by substantial evidence." *Barscz v. Office of Workers' Comp. Programs*, 486 F.3d 744, 749 (2d Cir. 2007). We review questions of law *de novo*, *id.*, and a decision of the ALJ that is "supported by substantial evidence, is not irrational,

---

[2] The parties stipulated that Newton-Sealey is a person entitled to compensation and that the settlement was for less than the amount he would be entitled to under § 933(g); accordingly, the only disputed element is whether he settled his claim with a "third person." *See* 33 U.S.C. § 933(g).

6

and is in accordance with the law . . . must be affirmed," *Rainey v. Office of Workers' Comp. Programs*, 517 F.3d 632, 634 (2d Cir. 2008). "Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion." *Serv. Emps. Int'l., Inc., v. Office of Workers' Comp. Programs*, 595 F.3d 447, 455 (2d Cir. 2010) (internal quotation marks omitted).

The "basic purpose" of the LHWCA is to "provid[e] prompt relief for employees, and limited and predictable liability for employers." *Fisher v. Halliburton*, 667 F.3d 602, 619 (5th Cir. 2012).[3] The DBA "extends workers' compensation coverage under the [LHWCA] to employees of American contractors engaged in construction related to military bases in foreign countries . . . [and] establishes a uniform, federal compensation scheme for civilian contractors and their employees for injuries sustained while providing functions

---

[3] Generally speaking, the LHWCA is an employer's exclusive liability such that if an employee's injury is covered by the LHWCA, he is typically precluded from pursuing a tort claim against his employer to recover for the same injury. *See Fisher v. Haliburton*, 667 F.3d 602, 610 (5th Cir. 2012). Here, however, Newton-Sealey is a British citizen who sought recourse under U.K. law, rather than seeking enforcement of a foreign law in a U.S. court. U.K. law, unlike U.S. law, permits claimants to pursue both a workers' compensation claim and a tort remedy. *See* Richard Lewis, Employers' Liability and Worker's Compensation: England and Wales (Oct. 20, 2010), https://papers.ssrn.com/sol3/papers.cfm?abstract_id=1695088.

under contracts with the United States outside its borders." *Id.* at 609-10 (internal quotation marks omitted).

Employees injured under the LHWCA who may also have a cause of action against a third party as a consequence of sustaining that injury are not required to elect one remedy over another. *See* 33 U.S.C. § 933(a). If the employee, however, seeks damages from a third party, the LHWCA protects the derivative rights of the employer and the carrier. *See id.* Specifically, § 933(g) provides that:

> (1) If the person entitled to compensation . . . enters into a settlement with a third person . . . for an amount less than the compensation to which the person . . . would be entitled under this chapter, the employer shall be liable for compensation . . . only if written approval of the settlement is obtained from the employer and the employer's carrier, before the settlement is executed, and by the person entitled to compensation.
>
> (2) If no written approval of the settlement is obtained and filed as required by paragraph (1), or if the employee fails to notify the employer of any settlement obtained from or judgment rendered against a third person, all rights to compensation and medical benefits under this chapter shall be terminated, regardless of whether the employer or the employer's insurer has

> made payments or acknowledged entitlement to benefits under this chapter.

*Id.*

Further, § 920(a) of the LHWCA provides that "[i]n any proceeding for the enforcement of a claim for compensation under this chapter it shall be presumed, in the absence of substantial evidence to the contrary -- . . . [t]hat the claim comes within the provisions of this chapter." *Id.* at § 920(a). A *prima facie* claim for compensation requires that the employee allege an injury or death that arose out of and in the course of his employment. *See U.S. Indus./Fed. Sheet Metal, Inc. v. Office of Workers' Comp. Programs*, 455 U.S. 608, 615-16 (1982).

Finally, § 933(g) provides an affirmative defense. *See Bundens v. J.E. Brenneman Co.*, 46 F.3d 292, 303 (3d Cir. 1995); *Flanagan v. McAllister Bros., Inc.*, 33 Ben. Rev. Bd. Serv. 209, *3 (1999) ("[T]he applicability of Section 33(g) is an affirmative defense."). "It is well-established that a defendant . . . bears the burden of proving its affirmative defense." *Leopold v. Baccarat, Inc.*, 239 F.3d 243, 245 (2d Cir. 2001); *see also Hardaway v. Hartford Pub. Works Dep't.*, 879 F.3d 486, 490 (2d Cir. 2018). This burden has been interpreted as requiring the employer to demonstrate that named defendants are not employers. *See Fisher v. Halliburton*, 703 F. Supp. 2d 639, 664 (S.D. Texas 2010), *vacated on other grounds*,

667 F.3d 602 (5th Cir. 2010) ("[T]he court presumes that all named defendants are employers under the [DBA]" as the DBA "must be liberally construed in conformance with its purpose, and in a way which avoids harsh and incongruous results. . . . [Accordingly,] the employer bears the burden to show that it is *not* an employer under the [DBA], thereby avoiding paying compensation.").

Here, Newton-Sealey alleged that his injuries arose out of and in the course of his employment, thereby establishing a *prima facie* case for benefits under the Act. *See* 33 U.S.C. § 920(a); *U.S. Indus./Fed. Sheet Metal, Inc.*, 455 U.S. at 615-16 (1982). Because § 933(g) sets forth an affirmative defense, *see Bundens*, 46 F.3d at 303, petitioners bore the burden of proving that the named defendants in the U.K. proceedings were not employers for the purposes of the Act, *see Fisher*, 703 F. Supp. 2d at 664. Reviewing the record available to the ALJ, the Board concluded that petitioners had not met this burden, *see Serv. Emps. Int'l., Inc.*, 595 F.3d at 455, noting that although at the time of the settlement the AG companies had been acquired by G4S, most of the testimony in the record predated the acquisition and so "shed[] very little light on the structure of, and relationship

10

among, the G4S companies after the acquisition." S. App'x at 32.[4] The record thus supports the Board's conclusion that petitioner failed to present sufficient evidence to prove that the named defendants were not employers. *See Barscz*, 486 F.3d at 749. Accordingly, we conclude that the Board did not err when it affirmed the ALJ's finding that Newton-Sealey's claims were not barred under § 933(g).

## *CONCLUSION*

For the foregoing reasons, the petition for review is **DENIED**.

---

[4] Petitioners' argument that several depositions conducted some two years after the relevant Board decision provide "uncontroverted evidence" that the named defendants were not employers is unpersuasive. Appellant's Br. at 58. As the Board observed, its 2015 decision resolved "the issue of the application of § 33(g) . . . and is the law of the case." S. App'x at 13. The ALJ was bound to follow this finding of the Board. *See FCC v. Pottsville Broad. Co.*, 309 U.S. 134, 140 (1940) (noting the "familiar doctrine that a lower court is bound to respect the mandate of an appellate tribunal and cannot reconsider questions which the mandate has laid to rest").