Carlton PORTER, Plaintiff–Appellant,

v.

NEW YORK UNIVERSITY SCHOOL OF LAW, Frank Conti, and Leonard Pisano, Defendants–Appellees,

Docket No. 03–7961.

United States Court of Appeals, Second Circuit.

Argued: Dec. 15, 2004.

Decided: Dec. 23, 2004.

Rachel S. Rothschild, Ballon, Stoll, Bader & Nader, New York, N.Y. (Marshall Bellovin, on the brief), for plaintiff-appellant.

Stephanie Vullo, New York, N.Y. (S. Andrew Schaffer, on the brief), for defendants-appellees.

Before: MESKILL, CALABRESI, and WESLEY, Circuit Judges.

PER CURIAM.

Plaintiff–Appellant Carlton Porter, Jr. ("Porter") brought a suit in the United States District Court for the Southern District of New York against Defendants–Appellees New York University School of Law, Frank Conti, and Leonard Pisano (collectively, "NYU"). Porter alleged that NYU violated his rights under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.,* and under New York State and City Human Rights Laws, N.Y. Exec. Law § 296(1)(a), N.Y.C. Admin. Code § 8–107(1)(a). The district court (Griesa, *J.*) granted NYU's motion for summary judgment on all of Porter's claims.

The principal issue in this case, assuming *arguendo* that the behavior of NYU in its treatment of Porter actually violated the FMLA, is whether that behavior was willful and hence subject to a three-year statute of limitations, *see* 29 U.S.C. § 2617(c)(2), or was not willful and therefore covered by a two-year statute of limitations, *see* 29 U.S.C. § 2617(c)(1).

The term "willful" is not specifically defined in the FMLA. In *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988), the Supreme Court, in reviewing a claim under the Fair Labor Standards Act ("FLSA"), held that an employer acts willfully when he or she "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]." The *McLaughlin* Court added that "[i]f an employer acts reasonably in determining its legal obligation, its action cannot be deemed willful .... If an employer acts unreasonably, but not recklessly, in determining its legal obligation, then ... it

should not be ... considered [willful.]" *Id.* at 135 n. 13, 108 S.Ct. 1677.

The First Circuit, in a thoughtful opinion, found that the Supreme Court's definition of willful in *McLaughlin* also applied to the FMLA. *See Hillstrom v. Best Western TLC Hotel,* 354 F.3d 27, 33–34 (1st Cir.2003). We agree for the reasons stated by the First Circuit. *See also Ricco v. Potter,* 377 F.3d 599, 602–03 (6th Cir.2004) (adopting similar language).

■ Under that definition, the facts alleged by Porter cannot conceivably amount to willful behavior. Accordingly, his claim is governed by a two-year statute of limitations. And, since there is no dispute that Porter brought his claim more than two years after the last alleged wrongful act, his FMLA claim is time-barred. The district court so held. Because we agree with this holding, we do not need to review the district court's alternative decision rejecting Porter's FMLA claim on the merits.

The district court additionally ruled that Porter's state and municipal claims were barred by the applicable statutes of limitation, *see* N.Y. CPLR § 214(2) (McKinney Supp.2002); N.Y.C. Admin. Code § 8–502(d); and *Lightfoot v. Union Carbide Corp.,* 110 F.3d 898, 907 (2d Cir.1997) (noting that suits under New York's Human Rights Law "must ... be filed within three years of the alleged discriminatory act"). Porter argues, however, that even though the first act of discrimination was his threatened firing in June 1995, that discrimination persisted as a continuing violation through his actual firing in July 1996—just less than three years before Porter brought suit.

This argument would probably fail if the allegations were raised under federal anti-discrimination statutes. See *Nat'l R.R. Passenger Corp. (AMTRAK) v. Morgan,* 536 U.S. 101, 111–14, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002); *Elmenayer v. ABF Freight Sys.,* 318 F.3d 130, 134 (2d Cir.

2003) (describing how the *Morgan* Court "unanimously ruled that each discrete discriminatory act starts a new clock for filing charges alleging that act" (internal citations omitted)). And, we need not decide whether Porter's continuous violation argument also fails under the applicable state and municipal laws. For, the district court found, in the alternative, that Porter's claims were meritless.

Since we agree with this finding for substantially the reasons the district court gave, and since there is no evidence of willfulness on the part of NYU, the decision of the district court is Affirmed.