*15-3932-cv*
*Douyon v. New York City Department of Education*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of November, two thousand sixteen.

Present:
> DEBRA ANN LIVINGSTON,
> GUIDO CALABRESI,
>> *Circuit Judges*,
> JED S. RAKOFF,
>> *District Judge*.[*]

_____

MARIE DOUYON,

> *Plaintiff-Appellant*,

> v.                                                                     15-3932

NEW YORK CITY DEPARTMENT OF EDUCATION,

> *Defendant-Appellee*,

LAURENCE K. HARVEY, DIN #11A4710,

> *Defendant.*

_____

_____

[*] Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

For Plaintiff-Appellant:          Anthony C. Ofodile, Ofodile & Associates, P.C., Brooklyn, New York

For Defendant-Appellee:           Tahirih M. Sadrieh, Fay Ng, Assistant Corporation Counsel, New York City Law Department, and Zachary W. Carter, Corporation Counsel of the City of New York, New York, New York

**UPON DUE CONSIDERATION WHEREOF it is hereby ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Marie Douyon appeals from a judgment of the United States District Court for the Southern District of New York, entered October 29, 2015, granting the motion of Defendant-Appellee for summary judgment and denying Douyon's cross-motion for partial summary judgment. Douyon, formerly the Deputy Executive Director of Special Education for schools in the Bronx, brought this action against the New York City Department of Education ("DOE") and Laurence Harvey, her supervisor at the DOE. Douyon asserted claims under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. § 2000e-2. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, some of which we reiterate briefly below.

\*       \*       \*

Douyon was the Deputy Executive Director of Special Education at the Bronx Integrated Service Center ("ISC"), which provided support services to over 300 Bronx schools. In the 2009-10 academic year, the DOE changed the way it provided support services to schools. The DOE eliminated the ISCs and created "networks" instead, which would each serve a smaller number of schools. The ISCs, after a phase-out period, were to close on June 30, 2010. Douyon learned of the reorganization in April 2010 and understood that because her position was

2

to be eliminated, she needed to obtain a new one.   As of June 2010, however, Douyon had not interviewed for and secured a new position.

On June 18, 2010, Douyon met with her immediate supervisor, Harvey, about taking FMLA leave due to some health concerns.   On June 24, Harvey handed Douyon a termination letter from the head of DOE's Human Resources Department ("HR"), Lawrence Becker.   The letter stated that Douyon's last day of employment would be July 9, 2010.   Harvey signed Douyon's FMLA application on June 24, after Douyon was notified of her termination, and submitted it to HR for approval.   HR eventually approved Douyon's leave from June 26, 2010, through her termination date.[1]

On January 2, 2013, Douyon filed this lawsuit in the Southern District of New York. She claimed that she was fired in retaliation for seeking FMLA leave, and that the DOE unlawfully interfered with her FMLA leave.   She also brought sexual harassment claims under Title VII.   Specifically, she claimed that she was fired because she rebuffed Harvey's sexual advances, that Harvey's sexual harassment created a hostile work environment, and that she was fired for reporting Harvey's sexual harassment.

I.      Discussion

"We review a district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor."   *Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 113 (2d Cir. 2005).

---

[1] Douyon was actually approved for "restoration of health leave" from June 26, 2010, to July 8, 2010. Employees can take restoration of health leave if they are ill and need time off to restore their health. FMLA leave and restoration of health leave could be used in the same way, according to the DOE's Human Resources representative Debra Kelly, and the DOE essentially treats restoration of health leave and FMLA leave the same way.

3

The FMLA entitles eligible employees to twelve workweeks of unpaid leave per year for, *inter alia*, certain serious health conditions that prevent the employee from performing her job duties. *See Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 174 (2d Cir. 2006). The FMLA creates a private right of action for an employee to seek both equitable relief and money damages against an employer that interferes with, restrains, or denies the exercise of FMLA rights. *Id.* To establish a prima facie case of FMLA retaliation, a plaintiff must show that: 1) she exercised rights protected under the FMLA; 2) she was qualified for her position; 3) she suffered an adverse employment action; and 4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent. *Potenza v. City of New York*, 365 F.3d 165, 168 (2d Cir. 2004). Once the plaintiff makes that showing, the burden then shifts to the defendant to articulate a legitimate, non-retaliatory reason for its actions. *Papelino v. Albany Coll. of Pharmacy of Union Univ.*, 633 F.3d 81, 92 (2d Cir. 2011). Then the burden shifts back to the plaintiff to demonstrate that the employer's reason was pretextual. *Id.*

The district court concluded that Douyon failed to present evidence upon which a reasonable jury could find that the DOE's articulated reason for terminating her employment—the reorganization—was pretextual.[2] We agree. Five people, including Douyon, held Deputy Director of Special Education titles at each of the five boroughs in New York City. All five positions were eliminated on the same date. By that time, two Deputy Directors had retired, and the other two had new positions at the DOE's Central Office.

---

[2] Generally, FMLA claims must be filed within two years unless the violation is "willful." 29 U.S.C. § 2617(c)(1)-(2). Then the time limit extends to three years. *Id.* An employer acts "willfully under the FMLA when it knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FMLA]." *Porter v. N.Y.U. Sch. of L.*, 392 F.3d 530, 532 (2d Cir. 2004) (internal quotation marks omitted). Douyon filed her lawsuit more than two years (but less than three years) after she was terminated. We need not reach the issue whether Douyon's FMLA claims fall within the statute of limitations, however, given our conclusion that these claims fail on the merits.

Douyon argues that the fact that the DOE Central Office hired two of her peers shows that her termination was pretextual. However, her two peers got their new jobs before Douyon even requested FMLA leave. In addition, Douyon presents no evidence that DOE Central should have hired her instead of them. *Cf. Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 206 (2d Cir. 1995) (plaintiff created genuine dispute of material fact by showing that he was not considered for positions that he was most qualified for and that employees considered were less qualified than he was). Thus, her argument fails.

To make out a claim for interference with her FMLA rights, a plaintiff must show "1) that she is an eligible employee under the FMLA; 2) that the defendant is an employer as defined by the FMLA; 3) that she was entitled to take leave under the FMLA; 4) that she gave notice to the defendant of her intention to take leave; and 5) that she was denied benefits to which she was entitled under the FMLA." *Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 424 (2d Cir. 2016). As the district court concluded, Douyon failed to adduce evidence to satisfy the fifth element: that the defendants denied her benefits to which she was entitled under the FMLA. An employer's responsibility to continue FMLA leave ends when an employee is terminated. 29 C.F.R. § 825.216(a)(1). Douyon received leave from June 24, 2010, to July 9, 2010, the date of her termination. Douyon was not entitled to additional benefits under the FMLA.

Douyon also brought sexual harassment claims against the DOE under Title VII,[3] claiming that Harvey's sexual harassment created a hostile work environment and that she was fired for reporting Harvey's sexual harassment. As to Douyon's hostile work environment claim, to succeed on such a claim a plaintiff must "show discriminatory conduct . . . sufficiently

---

[3] Title VII does not impose personal liability on individuals, even when they are supervisors. *See Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995), *abrogated on other grounds by Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998).

5

severe or pervasive to alter the conditions of her employment and create an abusive working environment." *Ferraro v. Kellwood Co.*, 440 F.3d 96, 100–01 (2d Cir. 2006) (internal quotation marks omitted). Employers, however, can avail themselves of the *Faragher/Ellerth* affirmative defense. *See Faragher v. City of Boca Raton,* 524 U.S. 775, 807 (1998); *Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742, 765 (1998). To establish such a defense, an employer must show that (1) it "exercised reasonable care to prevent and correct promptly any [discriminatory] harassing behavior," and (2) "the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Faragher*, 524 U.S. at 807. An employer must also show either that the employee's supervisor took no "tangible employment action," or that "any tangible employment action taken against the employee was not part of the supervisor's discriminatory harassment." *Ferraro*, 440 F.3d at 101.

Upon our review of the record, we conclude that the district court properly determined that Douyon failed to show that her termination was part of Harvey's alleged harassment. In addition, no material issue of fact exists as to whether (1) DOE exercised reasonable care and (2) Douyon unreasonably failed to take advantage of any preventive or corrective opportunities. DOE provided evidence of its anti-harassment policy and procedures, which Douyon did not dispute. *See id.* at 102 (stating that "existence of an antiharassment policy" is usually sufficient to demonstrate reasonable care). Indeed, Douyon herself admitted that she failed to take advantage of these procedures. Douyon stated that she feared retaliation, but "a credible fear [of retaliation] must be based on more than the employee's subjective belief." *Leopold v. Baccarat, Inc.*, 239 F.3d 243, 246 (2d Cir. 2001). Douyon produced no evidence to support her fear, such as that the DOE had previously "ignored or resisted similar complaints." *Id.*

6

To make out a prima facie case for Title VII retaliation, a plaintiff must show 1) participation in protected activity; 2) defendant's knowledge of the protected activity; 3) an adverse employment action; and 4) a causal connection between the protected activity and the adverse employment action. *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 173 (2d Cir. 2005). As with FMLA retaliation claims, the employer must then articulate a legitimate non-retaliatory reason for the adverse employment action. *Id.* To survive summary judgment, a plaintiff has to come forward with evidence to support the conclusion that the proffered reason is pretextual. *Kessler v. Westchester Cty. Dep't of Soc. Servs.*, 461 F.3d 199, 211 (2d Cir. 2006). The district court determined that Douyon failed to establish that she engaged in activity protected pursuant to Title VII. We need not decide whether the district court was correct in this determination, however, because even assuming that Douyon engaged in "protected activity" for Title VII purposes by reporting Harvey's alleged harassment, Douyon's Title VII retaliation claim fails for the same reason as her FMLA claim: namely, that the record is clear that Douyon lost her job as a result of a pre-planned, organization-wide change. No "rational fact finder" could conclude that the DOE's explanation for Douyon's termination was "merely a pretext for impermissible retaliation." *Id.*

Finally, Douyon argues that pursuant to a "quid pro quo" theory of liability, she adduced sufficient evidence to reach a jury as to her claim that she was denied an economic benefit because she rejected Harvey's alleged advances. Although Douyon first used the label "quid pro quo" on appeal, she made this argument in substance in the district court, so it is not subject to our normal rule against considering arguments first made on appeal. *See Schiano v. Quality Payroll Sys., Inc.*, 445 F.3d 597, 603–04 (2d Cir. 2006). Nonetheless, it is meritless. As previously explained, it is clear that Douyon was fired because she failed to secure a new

7

position before the ISCs closed, not because she refused Harvey's advances. Moreover, Douyon provided no support for her contention that a delay of four business days (from June 18 to June 24) in signing the FMLA leave form is a cognizable economic benefit under Title VII, and that contention is seriously called into doubt by the fact that employers are allowed five business days to notify applicants that they are eligible for FMLA leave. *See* 29 C.F.R. § 825.300(b)(1). Accordingly, Douyon's quid pro quo argument fails.

## II. Conclusion

We have considered Douyon's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8