*Mejia v. Roma Cleaning*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of October, two thousand eighteen.

Present:
> RICHARD C. WESLEY,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*,
> GEOFFREY W. CRAWFORD,
> > *District Judge*.*

_____

ROSARIO MEJIA,

> *Plaintiff-Appellant*,

v.                                                                              17-3446

ROMA CLEANING, INC., JUAN PABLO MEJIA,

> *Defendants-Appellees*,

LISBON CLEANING, INC.,

> *Defendant.*

_____

_____

* Chief Judge Geoffrey W. Crawford, of the United States District Court for the District of Vermont, sitting by designation.

For Plaintiff-Appellant:              IAN F. WALLACE, Law Offices of Ian Wallace, PLLC, New York, NY.

For Defendants-Appellees:          JOSHUA L. WEINER, Budd Larner P.C., Short Hills, NJ.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Feuerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff Rosario Mejia ("Plaintiff") appeals from the September 25, 2017 judgment of the United States District Court for the Eastern District of New York granting summary judgment to Defendants Roma Cleaning, Inc. ("Roma") and Juan Pablo Mejia ("Mejia") on Plaintiff's retaliation and interference claims under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, as time-barred.    We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review a district court's grant of summary judgment *de novo*, because such a motion may be granted only when the moving party shows that there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law."    *Jackson v. Fed. Express*, 766 F.3d 189, 193-94 (2d Cir. 2014).    Summary judgment is mandated against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."    *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).    "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient . . . ."    *Anderson v. Liberty Lobby*, 477 U.S. 242, 252 (1986).

At the outset, Plaintiff has waived any objections to the Magistrate's finding, adopted by the district court, that the FMLA's default two-year statute of limitations had run.    "In general, 'failure to object timely to a magistrate's report operates as a waiver of any further judicial review

2

of the magistrate's decision.'" *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (quoting *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)). Here, Plaintiff did not object despite being warned of the consequences of not objecting to the Magistrate's findings. Indeed, in her response to Defendants' objections to the Magistrate's Report, Plaintiff "request[ed] that [the] Court adopt Magistrate Brown's report in its entirety," J.A. 693, even though it contained the finding that "[b]ecause plaintiff filed this action more than two years after the last actionable violation, any claims arising from non-willful violations are clearly barred." J.A. 652-53. We also disagree with Plaintiff's claim, here, that the district court clearly erred in adopting the Magistrate's recommendation on this issue.

Therefore "[t]he principal issue in this case, assuming *arguendo* that the behavior of [Defendants] in [their] treatment of [Plaintiff] actually violated the FMLA, is whether that behavior was willful and hence subject to a three-year statute of limitations." *Porter v. N.Y. Univ. Sch. of Law*, 392 F.3d 530, 531 (2d Cir. 2004) (per curiam)*; see* 29 U.S.C. § 2617(c)(2). "[A]n employer acts willfully when he or she 'knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [statute]." *Porter*, 392 F.3d at 531 (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988) (defining "willful" in a similarly-worded provision of the Fair Labor Standards Act)). Thus "[i]f an employer acts reasonably in determining its legal obligation, its action cannot be deemed willful . . . . If an employer acts unreasonably, but not recklessly, in determining its legal obligation, then . . . it should not be . . . considered [willful]." *McLaughlin*, 486 U.S. at 135 n.13. Willful conduct is "not merely negligent." *Id.* at 133.

Here, we agree with the district court that Plaintiff has not met her burden to show a genuine dispute of material fact as to whether Defendants were willful. *Porter*, 392 F.3d at 532 (finding

3

that because facts alleged by Plaintiff "cannot conceivably amount to willful behavior," summary judgment for the defendants was appropriate). Plaintiff admits that she requested and was granted time off under the FMLA eight times during her tenure at Roma, with three of those requests taking place after Mejia became her supervisor. Furthermore, it is uncontested that Roma trained its managers in compliance with the FMLA and posted signs informing employees of their rights under the FMLA in its office and in the area where employees punch in and out. While the Magistrate said that such training could in fact be evidence of willfulness if the Defendants then ignored it, the district court was correct to point out that "Plaintiff has not presented any evidence suggesting Mejia may have or did disregard the training." *Mejia v. Roma Cleaning Inc.*, 2017 WL 4233035, at \*5 (E.D.N.Y. Sept. 25, 2017).

The so-called "disputed" facts on which Plaintiff relies are largely conclusory assertions taken from her own deposition testimony and affidavit, several of which have not been shown to be admissible at trial. *See Chabad Lubavitch of Litchfield Cty., Inc. v. Litchfield Historic Dist. Comm'n*, 768 F.3d 183, 197 n.10 (2d Cir. 2014) ("Because the affidavit failed to show that these contentions could be established at trial by competent evidence, it cannot create a triable issue of fact."); *see also Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir. 1985) (cautioning that permitting parties "to defeat a motion for summary judgment by offering purely conclusory allegations of discrimination, absent any concrete particulars" would necessitate a trial in all discrimination cases). Such evidence is insufficient to defeat summary judgment. *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005) ("At the summary judgment stage, a nonmoving party 'must offer some *hard evidence* showing that its version of the events is not wholly fanciful.'") (emphasis added) (quoting *D'Amico v. City of N.Y.*, 132 F.3d 145, 149 (2d Cir. 1998)). For example, Plaintiff says she was fired because Mejia wanted to "punish" her, and that she informed him of

4

why she was absent from work on July 14, 2013, during their July 16, 2013, meeting. However, in the same deposition Plaintiff also said it was possible that Mejia could have fired her because of her absences and tardiness, and that she actually did not tell Mejia why she was absent July 14, but only told her direct supervisor and called "the office." Similarly, Plaintiff claims that co-workers told her to "be careful" because Roma was out to get her. Such claims are also insufficient to withstand a motion for summary judgment, however, as Plaintiff did not obtain depositions or affidavits from any of these supposed co-workers.

The "FMLA is not a shield to protect employees from legitimate disciplinary action by their employers if their performance is lacking in some manner unrelated to their FMLA leave." *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 175 (2d Cir. 2006) (quoting *Geromanos v. Columbia Univ.*, 322 F. Supp. 2d 420, 429 (S.D.N.Y. 2004)). Plaintiff admitted it was possible she was tardy or absent on various days, unrelated to the periods of FMLA leave granted by Roma, though she could not remember any medical reasons that would have necessitated such absences. These absences are consonant with Mejia's description of the purpose for the July 16 meeting with Plaintiff, which was to present Plaintiff with the choice of accepting a part-time schedule or facing termination, given her consistent inability to report for work on the days she was scheduled, as reflected by Roma's attendance sheets. While Mejia did not follow up on why Plaintiff was absent from work on July 14, 2013, and failed to read the medical notices in her file during their meeting on July 16, these facts alone cannot establish willfulness. *Richards v. N.Y.C. Dept. of Educ.*, 2015 WL 4164746 (S.D.N.Y. July 10, 2015) (noting that behaving "sub-optimally or even unreasonably," but not recklessly, does not rise to the level of willfulness under the FMLA). Further, Plaintiff's attempts to portray Roma's attendance records as "replete with inaccuracies and falsehoods" fall flat. At most, this evidence demonstrates negligence on the part of Mejia

5

and sloppiness in recordkeeping at Roma; it does not establish of willfulness.  *McLaughlin*, 486 U.S. at 133 (noting that willful conduct is "not merely negligent").

In sum, Plaintiff has not established that, given the "significant distinction between ordinary violations and willful violations," there is a genuine issue as to willfulness in her case. *McLaughlin*, 486 U.S. at 132.   Thus, the district court was correct to dismiss her complaint as untimely.   In light of this conclusion, we need not reach the question of whether the district court erred in declining to address Defendants' remaining objections to the Magistrate's report.

We have considered Plaintiff's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6