**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ANDREA OLSON,
            *Plaintiff-Appellant*,

v.

UNITED STATES OF AMERICA, by and
through the Department of Energy
and Bonneville Power
Administration; DAN BROUILLETTE[*],
Secretary of Energy,
            *Defendants-Appellees*,

and

MBO PARTNERS, INC.,
            *Defendant*.

No. 19-35389

D.C. No.
3:15-cv-02216-
HZ

OPINION

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, Chief District Judge, Presiding

Argued and Submitted October 27, 2020
Portland, Oregon

---

[*] Dan Brouillette has been substituted for his predecessor, James R. Perry, as Secretary of the U.S. Department of Energy under Fed. R. App. P 43(c)(2).

Filed November 23, 2020

Before:  Susan P. Graber and Sandra S. Ikuta, Circuit Judges, and Roger T. Benitez,[**] District Judge.

Opinion by Judge Benitez

## SUMMARY[***]

### Family and Medical Leave Act

The panel affirmed the district court's judgment in favor of the Bonneville Power Administration ("BPA") in an action alleging claims under the Family and Medical Leave Act ("FMLA").

Plaintiff contracted to work with the BPA.  Plaintiff alleged that BPA willfully interfered with her rights under the FMLA by failing to provide her notice of those rights.

The panel held that the district court did not clearly err in determining that BPA's alleged interference with plaintiff's FMLA rights was not willful.  Agreeing with other circuits that have addressed the issue, the panel held that the standard for willfulness adopted by the Supreme Court in *McLaughlin v. Richard Shoe Co.*, 486 U.S. 128 (1988), for Fair Labor Standards Act claims also applied to FMLA

[**] The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

[***] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

claims. The panel further held that the three-year statute of limitations in 29 U.S.C. § 2617(c)(2) applied to a "willful violation." The panel held that the district court did not err in finding that the facts in this case did not constitute willfulness by the BPA. The panel concluded that plaintiff's claim was barred by the two-year statute of limitations in 29 U.S.C. § 2617(c)(1).

## COUNSEL

Justin O. Abbasi (argued), The Sheridan Law Firm P.S., Seattle, Washington, for Plaintiff-Appellant.

Jared D. Hager (argued), Assistant United States Attorney; Renata A. Gowie, Civil Division Chief; Billy J. Williams, United States Attorney; United States Attorney's Office, Portland, Oregon; for Defendants-Appellees.

## OPINION

BENITEZ, District Judge:

Andrea Olson appeals from judgment entered against her following a bench trial on claims the Bonneville Power Administration ("BPA") violated the Family and Medical Leave Act ("FMLA" or "the Act") by willfully interfering with her rights under the Act. The district court found Olson did not prove that BPA willfully interfered with her FMLA rights and, therefore, that her claims were barred by the relevant statute of limitations. The timing of Olson's suit requires us to address the standard for willfulness in actions brought pursuant to the FMLA. We have jurisdiction under 28 U.S.C. § 1291. As set forth below, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Olson was the sole proprietor of Pacific Disability Management, a limited liability company, through which she provided "reasonable accommodation" services to employers such as BPA to facilitate compliance with the Americans with Disabilities Act.

Olson contracted to work with BPA beginning in 2010. At BPA, Olson worked as a Reasonable Accommodation Coordinator ("RAC"), assisting employees in need of accessibility accommodations at work, training managers and employees on their rights and responsibilities, and maintaining relevant records and documentation. Olson's original contract was for one year, with four one-year options to renew that could be exercised by BPA. The contract contained a continuity of services provision, through which BPA could ask Olson to provide training and guidance to a replacement for her position.

In late 2011, BPA declined to renew Olson's contract for a third year. Instead, BPA required Olson to work through MBO Partners, a payroll service provider that had a master services agreement with BPA to facilitate certain independent contractors.[1]

In 2013, Olson began experiencing anxiety. Her anxiety increased and around March 13, 2014, Olson made a formal accommodation request for herself through MBO Partners. Olson requested, among other things, that she be allowed to telework to reduce her time spent onsite. MBO Partners

---

[1] Olson also sued MBO Partners for similar FMLA claims, but those claims were dismissed because they were subject to an arbitration agreement and are not part of this appeal.

informed BPA's Director of Human Resources of Olson's accommodation request on March 13.

Shortly thereafter, Olson's anxiety further increased and she sent BPA an email indicating she was taking the week off. The following week, she again emailed BPA that she would be out of the office. Around March 24, she formally invoked FMLA leave through MBO Partners. When she provided FMLA documentation to MBO Partners, Olson asked that MBO Partners inform her before sharing her condition, or the fact that she requested leave, with BPA. On April 3, Olson emailed a supervisor at BPA that she would be out of the office for two more weeks. She stated that she hoped to start some sort of transition plan soon but, at that point, did not know whether she could.

Because BPA did not have an expected date for Olson's return, it began exploring whether an existing federal employee could take on Olson's responsibilities as a collateral duty. Throughout April, Olson stated that she was not yet medically cleared to return to work, but she performed limited teleworking for which she billed BPA. BPA eventually paid Olson for those hours. A BPA representative testified that, on April 10, it considered terminating Olson, but after consulting with BPA's legal department, decided against that course of action.

On April 29, Olson contacted BPA's Equal Employment Opportunity office to discuss filing a complaint. The following day, BPA sent Olson an email stating that her network access had been terminated in accordance with security policies for critical infrastructure utilities. Despite termination of her network access, Olson still billed BPA for three hours the next month and was paid for her time.

In early May, Olson told BPA that she intended to attempt a trial work period that she and her physician had agreed upon. BPA responded by informing Olson that she was under a "stop work" order and that she would have to meet with a BPA manager in person before she would be allowed to return to work. On May 27, 2014, Olson formally filed an EEO complaint alleging that BPA had violated her FMLA rights.

On June 5, Olson finally met with a representative from BPA. On June 11, BPA emailed Olson agreeing to allow her to telework more. BPA also proposed a five-hour trial work period. Olson interpreted this trial work period as including training her own replacement. Olson decided not to accept BPA's offer and did not return to work. Following BPA's email dated June 11, 2014, Olson did not perform further work for BPA, and BPA did not issue any additional work orders for her services.

Olson filed the operative complaint on March 13, 2017. The district court held a bench trial in 2018. In early 2019, it entered judgment for BPA on each of Olson's claims.

The district court first found that BPA's conduct was not willful because the evidence did not show that BPA knowingly or recklessly disregarded Olson's FMLA rights. The court found that BPA consulted with its legal department about how to proceed during Olson's FMLA leave, opted not to terminate her, offered her a trial work period, and made efforts to restore her to an equivalent position.

On the merits, the district court found that Olson failed to prove that BPA would not restore her to the same or an equivalent position. Olson does not appeal this finding.

However, the court also found that BPA never provided Olson notice of her FMLA rights.

The district court's finding concerning the absence of notice forms the basis for Olson's appeal. She argues that the district court failed to consider how BPA's failure to notify would have caused her to structure her FMLA leave differently or how it could have exacerbated her FMLA-qualifying anxiety. She also challenges the district court's finding that BPA's alleged interference was not willful. This finding caused the district judge to hold that the applicable statute of limitations was two years, not three years.[2]

## II. STANDARD OF REVIEW

Following a bench trial, the district court's findings of fact are reviewed for clear error. Fed. R. Civ. P. 52(a)(6); *Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1067 (9th Cir. 2008) (en banc). Conclusions of law and the application of the law to the facts are reviewed de novo. *Navajo Nation*, 535 F.3d at 1067; *OneBeacon Ins. Co. v. Haas Indus., Inc.*, 634 F.3d 1092, 1096 (9th Cir. 2011).

## III.　DISCUSSION

"The FMLA provides job security to employees who must be absent from work because of their own illnesses, to care for family members who are ill, or to care for new babies." *Bachelder v. America West Airlines, Inc.*, 259 F.3d

---

[2] Finally, she challenges the district court's rulings on her requests for appointment of counsel. The court appointed counsel for many purposes but also denied appointment to the full extent that Plaintiff requested. We have reviewed the record carefully; the court applied the correct legal standard; and we otherwise see no abuse of discretion. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

1112, 1119 (9th Cir. 2001) (citing 29 U.S.C. § 2612). Through the FMLA, "Congress made it unlawful for an employer to 'interfere with, restrain, or deny the exercise or the attempt to exercise, any right provided' by the Act." *Id.* at 1122 (quoting 29 U.S.C. § 2615(a)(1)). Our cases have recognized two theories of recovery for violations of § 2615(a), "the retaliation or discrimination theory and the entitlement or interference theory." *Sanders v. City of Newport*, 657 F.3d 772, 777 (9th Cir. 2011) (quoting *Smith v. Diffee Ford-Lincoln-Mercury, Inc.*, 298 F.3d 955, 960 (10th Cir. 2002)). "While the FMLA does not clearly delineate these two claims with the labels 'interference' and 'retaliation,' those are the labels courts have used in describing an employee's claims under the Act." *Id.* (quoting *Strickland v. Water Works & Sewer Bd. of Birmingham*, 239 F.3d 1199, 1206 n.9 (11th Cir. 2001)). FMLA interference can take many forms including, for example, using FMLA leave as a negative factor in hiring, promotions, disciplinary actions, and no-fault attendance policies. *See* 29 C.F.R. § 825.220(c).

Olson brought both retaliation and interference claims against BPA. She appeals only the interference claim, arguing that BPA interfered with her FMLA rights by failing to provide her notice of those rights. Olson specifically argues that the lack of notice interfered with the exercise of her FMLA rights because she would have structured her FMLA leave differently had she been given notice and because BPA's actions during her FMLA leave exacerbated her FMLA-qualifying condition of anxiety. BPA does not dispute that it failed to notify Olson of her FMLA rights but argues that the failure was not prejudicial.

Employers have a duty to inform employees of their entitlements under the FMLA. *Xin Liu v. Amway Corp.*,

347 F.3d 1125, 1134–35 (9th Cir. 2003); 29 C.F.R. § 825.300(d)-(e). However, the failure to provide notice does not result in a standalone cause of action; rather, "an employee must prove, as a threshold matter, that the employer violated § 2615 by interfering with, restraining, or denying his or her exercise of FMLA rights." *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002). The Act "provides no relief unless the employee has been prejudiced by the violation." *Id*.

In *Bachelder*, we interpreted prohibited "interference" as "engaging in activity that tends to chill an employee's freedom to exercise" FMLA rights. 259 F.3d at 1123 (internal quotation marks omitted). This interpretation was guided by our cases analyzing § 8(a)(1) of the National Labor Relations Act, which "largely mimics" § 2615's interference language. *Id*. Thus, the inquiry for interference is whether the employer's conduct makes an employee "less likely to exercise their FMLA leave rights [because] they can expect to be fired or otherwise disciplined for doing so." *Id*. at 1124.

We need not and do not decide whether BPA's failure to give notice here constituted interference with Olson's FMLA rights because, even if she had proved a violation, the district court did not clearly err in determining that such interference was not willful. Under the FMLA, an action must generally be brought within two years "after the date of the last event constituting the alleged violation for which the action is brought." 29 U.S.C. § 2617(c)(1). This limitation is extended to three years for a "willful violation." 29 U.S.C. § 2617(c)(2).

Olson filed the operative complaint in this matter on March 13, 2017. Olson first took FMLA leave on March 24, 2014, and met with supervisors at BPA on June 4, 2014.

BPA's email assenting to most of her requested accommodations was sent on June 11, 2014, after which Olson severed contact with BPA. Thus, the "last event constituting the alleged violation," *id.* § 2617(c)(1), occurred no later than June 11, 2014, more than two years but less than three years before Olson's complaint was filed. Accordingly, she must show that BPA's conduct was willful to avoid the statutory time bar.[3] *Id.* § 2617(c)(2).

The FMLA does not define "willful." *See* 29 U.S.C. § 2617. However, other circuits addressing the issue have held that the standard for willfulness adopted by the Supreme Court in *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988), for Fair Labor Standards Act ("FLSA") claims also applies to FMLA claims. *See, e.g.*, *Sampra v. U.S. Dep't of Transp.*, 888 F.3d 330, 333–34 (7th Cir. 2018); *Bass v. Potter*, 522 F.3d 1098, 1103–04 (10th Cir. 2008); *Hoffman v. Pro. Med Team*, 394 F.3d 414, 417–18 (6th Cir. 2005); *Porter v. N.Y.U. School of Law*, 392 F.3d 530, 531 (2d Cir. 2004) (per curiam); *Hanger v. Lake Cnty.*, 390 F.3d 579, 583 (8th Cir. 2004); *Hillstrom v. Best Western TLC Hotel*, 354 F.3d 27, 33–34 (1st Cir. 2003).

In *McLaughlin*, the Supreme Court held that, for the three-year limitations period for "willful" violations of the FLSA to apply, the employer must know, or show reckless disregard for whether, its conduct was prohibited by the statute. 486 U.S. at 133. We agree with our sister circuits that the *McLaughlin* definition of "willful" applicable in FLSA claims applies to the use of "willful" in § 2617(c)(2)

---

[3] Plaintiff argues, in the alternative and for the first time on appeal, that she is entitled to equitable tolling. We hold that, by failing to raise this fact-intensive issue to the district court, Plaintiff forfeited the issue. *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1063 n.3 (9th Cir. 2007).

as well. The FLSA's statute of limitations provision is structured similarly; the Supreme Court approved the same criterion under the Age Discrimination in Employment Act, *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 128–29 (1985), thus signaling that the *McLaughlin* standard is not limited to the FLSA; that standard comports with a common understanding of the term "willful" in similar contexts; and the other circuits that have considered the issue are unanimous. Accordingly, we hold that, to benefit from the FMLA's three-year statute of limitations, a plaintiff must show that her employer either knew or showed reckless disregard for whether its conduct violated the Act.

The district court applied the *McLaughlin* standard for willfulness. In applying that standard, the court considered several factors that weigh against a finding of willfulness: BPA's decision to consult with its legal department concerning Olson's status, BPA's attempts to bring Olson back to work, and BPA's payment for hours worked while Olson was out on FMLA leave. Additionally, there was a serious question as to whether BPA was Olson's primary employer, potentially relieving BPA of its duty to provide notice. *See* 29 C.F.R. § 825.106(c) (requiring only the primary employer in joint employment relationships to provide required notices to employees). When BPA moved for summary judgment, the court thoughtfully applied the multi-factor test for joint employment relationships prescribed by our decision in *Moreau v. Air France*. 356 F.3d 942, 946 (9th Cir. 2004). It concluded that BPA was a joint employer but did not reach the question whether BPA was the primary employer for purposes of the FMLA. The legitimate dispute about BPA's role as a primary or secondary employer for purposes of the FMLA cuts against a finding of willfulness and furthers BPA's contention that it did not act with "reckless disregard" for the FMLA.

In short, there is little evidence in the record that BPA "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute."[4] *McLaughlin*, 486 U.S. at 133. The district court found that these facts did not constitute willfulness, and that finding is not clearly erroneous. Accordingly, Olson's claim is barred by the statute of limitations in 29 U.S.C. § 2617(c)(1), and the district court properly granted judgment to BPA.

**AFFIRMED**.

---

[4] Olson claims that the district court erred in concluding that BPA did not act willfully, because: (1) BPA failed to mitigate prejudice to Olson from a failure to notify; (2) BPA knew that Olson was taking leave and failed to take any affirmative steps to notify her; and (3) BPA sought legal advice and so should have known it had a duty to notify. In essence, these arguments merely reiterate the underlying claim that BPA knew that Olson had taken leave from her position and failed to notify her of her FMLA rights. We reject these arguments, because the district court's finding that this conduct was not willful under these circumstances is not clearly erroneous.