**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 27 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIA DEL CARMEN MARTINEZ-
PATTERSON,

Plaintiff-Appellant,

v.

AT&T SERVICES, INC., a Delaware
corporation,

Defendant-Appellee.

No. 21-35766

D.C. No. 2:18-cv-01180-RSM

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief District Judge, Presiding

Argued and Submitted June 6, 2022
Seattle, Washington

Before: GILMAN,[**] IKUTA, and MILLER, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Ronald Lee Gilman, United States Circuit Judge for
the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Maria del Carmen Martinez-Patterson appeals the district court's grant of summary judgment in favor of AT&T Services, Inc. ("AT&T"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court properly granted AT&T's motion for summary judgment on Martinez-Patterson's discrimination claims under 42 U.S.C. § 1981 and the Washington Law Against Discrimination (WLAD).[1] Martinez-Patterson failed to identify direct evidence of discrimination on the basis of race, national origin, or gender. *See Coghlan v. Am. Seafoods Co. LLC*, 413 F.3d 1090, 1095 (9th Cir. 2005). Martinez-Patterson provided indirect evidence of discrimination, namely (1) an email chain erroneously stating that personnel selected for the force reduction had already been notified, and (2) her general feeling (unsupported by any specific examples) that men of Indian descent on her work team discriminated against her, but this evidence was not sufficiently "specific and substantial" for Martinez-Patterson's discrimination claims to survive a motion for summary judgment. *Anthoine v. N. Central Counties Consortium*, 605 F.3d 740, 754 (9th Cir. 2010).

---

[1] As relevant here, discrimination claims under both § 1981 and the WLAD are reviewed under the same legal framework. *See Weil v. Citizens Telecom Servs. Co., LLC*, 922 F.3d 993, 1002 (9th Cir. 2019).

Further, the district court properly granted AT&T's motion for summary judgment on Martinez-Patterson's retaliation claims under § 1981 and the WLAD.[2] Martinez-Patterson failed to establish a prima facie case of retaliation, because there is no evidence showing a causal connection between her complaints about alleged discrimination and her termination. *See Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1108 (9th Cir. 2008). First, Martinez-Patterson's subjective perception—that Debbie Russo forbade Martinez-Patterson from complaining about alleged discrimination—is contradicted by the record. Second, over three years elapsed between Russo becoming aware of Martinez-Patterson's complaints in July 2013, and Martinez-Patterson being selected for termination in October 2016. This temporal gap was over twice as long as the 18-month temporal gap that this Court previously determined to be "simply too long, by itself, to give rise to an inference of causation" in the context of retaliation. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002). Moreover, to the extent Martinez-Patterson alleges that John Rossi also retaliated against her in submitting the low ratings that ultimately contributed to her termination, Rossi was aware of Martinez-Patterson's complaints even before Russo, and so the temporal gap is too great to

---

[2] As relevant here, retaliation claims under both § 1981 and the WLAD are reviewed under the same legal framework. *See Surrell*, 518 F.3d at 1108; *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1113 (9th Cir. 2003).

raise an inference, by itself, that Rossi retaliated against Martinez-Patterson. Thus, because Martinez-Patterson neither offered evidence of a retaliatory causal connection, nor identified a suspicious temporal proximity between her complaints and her termination, Martinez-Patterson's retaliation claims cannot survive summary judgment.

The district court also properly granted AT&T's motion for summary judgment on Martinez-Patterson's claims under the Family and Medical Leave Act (FMLA) and the Washington Family Leave Act (WFLA).[3] None of Martinez-Patterson's FMLA/WFLA claims are colorable, and Martinez-Patterson failed to establish a triable issue of fact capable of surviving summary judgment. *See Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1132 (9th Cir. 2003). Even if Russo initially misapprehended the scope of Martinez-Patterson's leave options, Martinez-Patterson failed to apprise Russo sufficiently of Martinez-Patterson's alleged special relationship with her brother, *see* 29 C.F.R. § 825.301(b), and an informational "injury" does not give rise to an FMLA interference claim in any case, *see Olson v. U.S. ex rel. Dept. of Energy*, 980 F.3d 1334, 1338 (9th Cir.

---

[3] Claims under both the FMLA and the WFLA are reviewed under the same rules and legal framework. *See Espindola v. Apple King*, 430 P.3d 663, 668 (Wash. Ct. App. 2018). Martinez-Patterson's complaint was filed in 2018, prior to the WFLA's sunset on December 31, 2019.

2020).  Moreover, AT&T's policies requiring (1) that supervisors fill out FMLA leave requests, and (2) that such requests be submitted at a certain time, are consistent with Department of Labor regulations.  *See* 29 C.F.R. § 825.302(d).  We acknowledge that Martinez-Patterson's low performance ranking coincided with the timeframe during which Martinez-Patterson communicated that she planned to place an FMLA request, and that temporal proximity can be circumstantial evidence of a connection between the exercise of FMLA rights and an adverse employment action.  *See Xin Liu*, 347 F.3d at 1137.  But when the moving party has otherwise carried its summary-judgment burden, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). AT&T demonstrated that Martinez-Patterson's termination was part of department-wide layoffs, and Martinez-Patterson's supervisors affirmed that they did not consider her FMLA request as a factor in her termination.  Apart from temporal proximity, Martinez-Patterson provided no evidence that her FMLA request "constituted a negative factor in the decision to terminate her."  *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1125 (9th Cir. 2001).  She therefore failed to demonstrate a triable issue of fact as to whether her FMLA rights were violated.

Martinez-Patterson forfeited her claim of wrongful discharge in violation of Washington public policy (which relies on the theory that Russo intended to discriminate against Martinez-Patterson for requesting FMLA leave, and that Rossi was a "cat's paw" for Russo), because she did not properly present this argument before the district court. Even if the argument had been properly presented, it fails because an employer's intent "is irrelevant to a determination of liability" with respect to FMLA interference claims. *Sanders v. City of Newport*, 657 F.3d 772, 778 (9th Cir. 2011).

**AFFIRMED.**