NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 22 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LAFFON GLYMPH,

Plaintiff-Appellant,

v.

CT CORPORATION SYSTEMS;
COMPUCOM SYSTEMS, INC.,

Defendants-Appellees.

No. 22-35735

D.C. No. 2:21-cv-01704-JHC

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
John H. Chun, District Judge, Presiding

Submitted August 15, 2023[**]

Before:    TASHIMA, S.R. THOMAS, and FORREST, Circuit Judges.

Laffon Glymph appeals pro se from the district court's judgment dismissing

her employment action alleging retaliation under the Family and Medical Leave

Act ("FMLA").  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo

a district court's dismissal for failure to state a claim under Federal Rule of Civil

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Procedure 12(b)(6). *McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1096 (9th Cir. 2023). We reverse and remand.

The district court dismissed Glymph's FMLA claim for failure to allege a causal connection between Glymph's FMLA-protected leave and her termination, and for failure to allege a willful violation of the FMLA, which would allow Glymph to benefit from the FMLA's three-year statute of limitations. In her amended complaint, however, Glymph alleged that she was fired approximately eleven days after returning from approved FMLA leave. Liberally construed, Glymph's allegations establish that her leave was causally connected to her termination and that defendant's termination of Glymph was willful. *See Olson v. United States ex rel. Dep't of Energy*, 980 F.3d 1334, 1339 (9th Cir. 2020) ("[T]o benefit from the FMLA's three-year statute of limitations [for willful violations of the Act], a plaintiff must show that her employer either knew or showed reckless disregard for whether its conduct violated the Act."); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002) ("[C]ausation can be inferred from timing alone where an adverse employment action follows on the heels of protected activity . . . [b]ut timing alone will not show causation in all cases; rather, in order to support an inference of retaliatory motive, the termination must have occurred fairly soon after the employee's protected expression."); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be

liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (internal citation, emphasis, and quotation marks omitted)).  We reverse and remand for further proceedings on Glymph's FLMA claim.

**REVERSED and REMANDED.**