**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| FERNANDO NAHIL DELA CRUZ, | No.    23-15808 |
| Plaintiff-Appellant, | D.C. No. 4:19-cv-01140-DMR |
| v. | |
| LOUIS DEJOY, Postmaster General, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Donna M. Ryu, Magistrate Judge, Presiding

Submitted January 10, 2025**

Before O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges:

Fernando dela Cruz appeals pro se from the district court's judgment on his

Family and Medical Leave Act (FMLA)[1] claim arising from the termination of his

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] 29 U.S.C. § 2615(a)(1).

employment with the United States Postal Service (USPS).  He appeals the district court's judgment after a bench trial and the district court's denial of his motion for reconsideration.  We review the district court's findings of fact for clear error[2] and its conclusions of law de novo.[3]  We review the district court's denial of a motion for reconsideration for abuse of discretion.[4]  We affirm.

The district court properly entered judgment against dela Cruz.  His sole claim before the court at trial was that USPS impermissibly used his FMLA-protected leave as a reason to discharge him.  *See Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1122–25 (9th Cir. 2001).  The district court did not clearly err in finding that dela Cruz failed to prove that he provided sufficient notice of his intent to take FMLA leave.  *See Sanders v. City of Newport*, 657 F.3d 772, 778 (9th Cir. 2011).  In light of the district court's factual finding that dela Cruz did not provide USPS with notice of his leave—an element he was required to prove to succeed in his FMLA interference claim—the district court properly entered judgment against dela Cruz.  *See id.*

---

[2] *Olson v. United States by & through Dep't of Energy*, 980 F.3d 1334, 1337 (9th Cir. 2020).

[3] *Id*.

[4]  *See Shimko v. Guenther*, 505 F.3d 987, 990 (9th Cir. 2007); *see also United States v. Hinkson*, 585 F.3d 1247, 1261–63 (9th Cir. 2009) (en banc).

The district court also properly denied dela Cruz's motion for reconsideration because dela Cruz did not argue that new law or clear error merited reconsideration, and the evidence he supplied in support of his motion was not newly discovered. *See* Fed. R. Civ. P. 59(e); *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *see also Frederick S. Wyle Pro. Corp. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985).

We decline to consider claims asserted for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 & n.2 (9th Cir. 2009) (per curiam). Likewise, we decline to consider claims that were dismissed without prejudice and not repled. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

**AFFIRMED.**

23-15808