NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 12 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LINDA ARCE,

Plaintiff - Appellant,

v.

HONEYWELL INTERNATIONAL INC., a
Delaware for-profit corporation,

Defendant - Appellee.

No. 24-1220

D.C. No.
2:21-cv-00768-GMS

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Argued and Submitted March 24, 2025
Phoenix, Arizona

Before: BERZON and BENNETT, Circuit Judges, and TUNHEIM, District
Judge.[**]

Plaintiff-Appellant Linda Arce appeals the district court's grant of summary

judgment in favor of her former employer, Defendant-Appellee Honeywell

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable John R. Tunheim, United States District Judge for the
District of Minnesota, sitting by designation.

International Inc. ("Honeywell"), on Arce's claim for retaliation under the False Claims Act ("FCA"), 31 U.S.C. § 3730(h), and wrongful interference under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615(a). As a product development quality assurance engineer, Arce reported regulatory compliance concerns about avionic software for Boeing aircraft that was supplied to the United States Department of Defense. After Arce failed to return to work after a series of FMLA and unpaid leaves, Honeywell terminated her employment. Arce then initiated this action. At summary judgment, the district court found that Arce had not engaged in conduct protected by the FCA and that there was no wrongful interference with her FMLA rights. On appeal, Arce challenges the district court's grant of summary judgment to Honeywell and denial of her request for additional discovery. We review a grant of summary judgment de novo under the same standard used by the district court. *Schnidrig v. Columbia Mach., Inc.*, 80 F.3d 1406, 1408 (9th Cir. 1996). We review for abuse of discretion a denial of a request to defer a summary judgment ruling for additional discovery. *Inteliclear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 661 (9th Cir. 2020). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The FCA prohibits any person from "knowingly present[ing], or caus[ing] to be presented, a false or fraudulent claim for payment or approval" to the United States government and protects employees who engage in "efforts to stop 1 or more

violations of [the FCA]" from retaliation by their employer. 31 U.S.C. §§ 3729(a)(1)(A), 3730(h)(1). A prima facie case for FCA retaliation has three elements: (1) the employee engaged in conduct that is protected under the Act, (2) the employer knew that the employee engaged in protected conduct, and (3) the employer discriminated against the employee because she engaged in protected conduct. *United States ex rel. Hopper v. Anton*, 91 F.3d 1261, 1269 (9th Cir. 1996).

"[A]n employee engages in protected activity where (1) the employee in good faith believes, and (2) a reasonable employee in the same or similar circumstances might believe, that the employer is possibly committing fraud against the government." *Moore v. Cal. Inst. of Tech. Jet Propulsion Lab'y*, 275 F.3d 838, 845 (9th Cir. 2002); *see also Mooney v. Fife*, 118 F.4th 1081, 1091–92 (9th Cir. 2024) (holding this test continues to apply after the 2009 amendment to the FCA). Efforts to stop an FCA violation—even if they do not include an investigation of "matters which are calculated, or reasonably could lead, to *a viable FCA action*"—can qualify as protected conduct. *Mooney*, 118 F.4th at 1092 (quoting *Hopper*, 91 F.3d at 1269).

1.     The district court correctly determined that Arce did not engage in protected conduct under the FCA.

First, there is insufficient evidence Arce subjectively believed Honeywell was possibly committing fraud against the government. Rather, the evidence suggests that Arce wanted to ensure the avionic software was safe for the public.

Second, no reasonable employee in the same or similar circumstances would believe that Honeywell was possibly defrauding the government. Arce's job duties required her to ensure that Honeywell software complied with industry guidelines and Honeywell-defined standards. Her job did not involve reviewing Honeywell's submissions for payment to Boeing or assuring that Boeing's submissions to the government for payment were improper. Her refusal to sign off on the software disrupted Honeywell and Boeing's deadlines, impacting Honeywell's payment from Boeing, which in turn was paid through government contracts. Arce could not have reasonably believed that the likely result of acceding to requests to certify compliance with applicable standards was that any errors in the software likely would not be caught by Boeing. Nor could Arce have reasonably believed that Honeywell's actions had resulted or would likely result in the submission by Boeing of a knowingly false claim of regulatory compliance to the government in connection with a submission for payment. In fact, Arce stated in an email to a human resources manager that "Boeing quality continues to issue Honeywell supplier corrective action which places Honeywell on notice that can potentially stop product being delivered to Boeing if all problems outlined in nonconformities aren't resolved." So, though "false certification of compliance . . . creates liability when certification is a prerequisite to obtaining a government benefit," *Hopper*, 91 F.3d at 1266, the distance between Honeywell's software certification and Boeing's certifications to

and payment from the government is too attenuated for a reasonable employee to have believed that Honeywell was possibly committing fraud against the government.

Because Arce has not established the first element of her prima facie claim, we affirm the district court's grant of summary judgment in favor of Honeywell on the FCA claim.

2. The district court also correctly determined that Arce's FMLA claims for leave taken in 2018 and 2019 fail.

Arce's FMLA claim for the 2018 leave is time-barred. The FMLA has a two-year statute of limitations that is extended to three years for "willful" violations. 29 U.S.C. § 2617(c)(1)–(2). Arce did not commence this action until April 30, 2021—more than two years after taking her 2018 leave. She forfeited any argument that Honeywell willfully interfered with her FMLA rights by failing to raise such an argument before the district court. *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 515 (9th Cir. 1992). Even if Arce had not forfeited a willfulness argument, there is on this record no genuine issue of fact that Honeywell "knew or showed reckless disregard for whether its conduct violated the [FMLA]." *Olson v. United States ex rel. Dep't of Energy*, 980 F.3d 1334, 1339 (9th Cir. 2020).

Arce also cannot establish a prima facie case of FMLA interference with respect to the leave taken in 2019. One element of a prima facie FMLA interference

claim requires that the employer denied the employee FMLA leave to which she was entitled. *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1243 (9th Cir. 2014). Arce argues that Honeywell interfered with the leave she took in 2019 by denying certain intermittent leave requests, which forced her to take continuous leave instead and exhaust her leave more quickly. But Arce received the twelve weeks' maximum leave to which she was entitled in 2019, and there is insufficient evidence that Honeywell improperly "interfere[d] with the length and dates of leave, including denying leave out right." *Liu v. Amway Corp.*, 347 F.3d 1125, 1134 (9th Cir. 2003).

Because Arce does not have a viable FMLA claim with respect to the leave taken in 2018 or 2019, we affirm the district court's grant of summary judgment in favor of Honeywell on the FMLA claims.

3.     Finally, the district court correctly denied Arce's request for additional discovery on the Termination Summary prepared in June/July 2019.

"Rule 56(d) provides 'a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence.'" *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018) (quoting *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002)). "We will only find that the district court abused its discretion if the movant diligently pursued its previous discovery opportunities and can show how allowing additional discovery would have precluded summary judgment." *Hopper*, 91 F.3d at 1268. Arce's employment

was terminated eighteen months after the Termination Summary was prepared, because of Arce's failure to return to work in accordance with Honeywell's leave of absence policy. The district court did not abuse its discretion in concluding that the Termination Summary, which was not acted upon, would not be informative as to the reason Arce was ultimately discharged, and so would not preclude summary judgment.

**AFFIRMED.**