23-0454-cv
*Ferrara v. Sterling*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8ᵗʰ day of February, two thousand twenty-four.

PRESENT:
> ROBERT D. SACK,
> REENA RAGGI,
> JOSEPH F. BIANCO,
> > *Circuit Judges*.

───────────────────────────────

ROBERT FERRARA,

> *Plaintiff-Appellant*,

> v.                                                          23-0454-cv

STERLING, INC., d/b/a KAY JEWELERS,

> *Defendant-Appellee*.

───────────────────────────────

FOR PLAINTIFF-APPELLANT:      STEPHEN BERGSTEIN, Bergstein & Ullrich, New Paltz, New York.

FOR DEFENDANT-APPELLEE:      STEVEN J. LUCKNER (Alexander W. Raap, *on the brief*), Ogletree, Deakins, Nash, Smoak & Stewart, P.C., Morristown, New Jersey.

Appeal from a judgment of the United States District Court for the Northern District of New York (Frederick J. Scullin, Jr., *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment, entered on March 16, 2023, is **AFFIRMED.**

Plaintiff-Appellant Robert Ferrara appeals from an award of summary judgment in favor of Defendant-Appellee Sterling, Inc., d/b/a Kay Jewelers ("Sterling") on his hostile work environment and retaliation claims under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq*. ("ADEA"), and the New York State Human Rights Law ("NYSHRL").[1] Ferrara alleged that, while he was working as a district manager for Sterling in 2016 and overseeing fourteen jewelry stores, Christopher Gullo, Vice President for Regional Operations, became his supervisor and subjected him to ageist remarks that created a hostile work environment. Ferrara further asserts that, in August 2017, shortly after complaining to Gullo in a meeting about these comments, he was demoted to store manager in retaliation for his complaint.

We review the district court's grant of summary judgment *de novo* and view the facts in the light most favorable to Ferrara. *See Taggart v. Time Inc*., 924 F.2d 43, 45–46 (2d Cir. 1991). In so doing, we assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to affirm.

---

[1] Ferrara does not challenge the district court's grant of summary judgment in favor of Sterling on his constructive discharge and disability discrimination claims, and thus has abandoned those claims. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir.1995).

## I.       Hostile Work Environment Claims

Ferrara argues that the district court applied the wrong legal standard and erred in holding that the evidence, even construed most favorably to him, was insufficient for a rational jury to find that Gullo's "offhand, isolated comments" created a hostile work environment. *Ferrara v. Sterling, Inc.*, No. 1:20-CV-474-FJS-DJS, 2023 WL 2537424, at *5 (N.D.N.Y. Mar. 16, 2023). However, we need not address that issue because we conclude, even assuming *arguendo* that Ferrara could establish the existence of a hostile work environment, that Sterling is entitled to summary judgment based on the *Faragher*/*Ellerth* affirmative defense.[2] *See Wells Fargo Advisors, LLC v. Sappington*, 884 F.3d 392, 396 n.2 (2d Cir. 2018) ("[W]e are free to affirm on any ground that finds support in the record, even if it was not the ground upon which the trial court relied." (internal quotation marks and citation omitted)).

"The [*Faragher*/*Ellerth*] defense comprises two elements: that (1) the employer exercised reasonable care to prevent and correct promptly any discriminatory harassing behavior, and (2) the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Ferraro v. Kellwood Co.*, 440 F.3d 96, 101 (2d Cir. 2006) (alteration adopted) (internal quotation marks and citations omitted).[3] The defense is available for claims under both the ADEA and the NYSHRL. *See Terry*

---

[2] *See generally Faragher v. City of Boca Raton*, 524 U.S. 775 (1998) *and Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998).

[3] We recognize that employers may not raise the affirmative defense when the supervisor's harassment culminates in a tangible employment action, unless the "tangible employment action taken against the employee was not part of the supervisor's discriminatory harassment." *Ferraro*, 440 F.3d at 101. Although Sterling's demotion of Ferrara was a tangible employment action, Ferrara did not assert that the demotion was part of the age-based harassment; rather that Ferrara alleges it was retaliation for his complaint about

*v. Ashcroft*, 336 F.3d 128, 148 (2d Cir. 2003); *Ferraro*, 440 F.3d at 101. The question, on summary judgment, is whether reasonable jurors could disagree about whether an employer's response was so "effectively remedial and prompt" as to shield it from liability as a matter of law. *Richardson v. N.Y. State Dep't of Corr. Serv.*, 180 F.3d 426, 441–42 (2d Cir. 1999).

With respect to the first element of the defense, Ferrara does not dispute that Sterling had an anti-discrimination policy with complaint procedures in place at the time of the alleged harassment. *See Caridad v. Metro–North Commuter R.R.,* 191 F.3d 283, 295 (2d Cir. 1999) ("Although not necessarily dispositive, the existence of an anti-harassment policy with complaint procedures is an important consideration in determining whether the employer has satisfied the first prong of this defense."), *abrogated on other grounds by In re Initial Pub. Offering Sec. Litig.*, 471 F.3d 24, 39–40 (2d Cir. 2006). Moreover, it is uncontroverted that, after Ferrara complained to Sterling's Human Resources Department ("Human Resources") on September 1, 2017, Sterling conducted an investigation which included interviewing the coworkers whom Ferrara identified as having knowledge of his allegations, and the investigation was completed on January 2, 2018. Importantly, Ferrara concedes Gullo never had any supervisory role over Ferrara after Ferrara's initial complaint to Human Resources in September 2017 and, in fact, Gullo resigned from Sterling in February 2018; no further corrective action was therefore required by Sterling to remedy the alleged hostile work environment, as Ferrara conceded that only Gullo made the ageist comments.

---

that harassment. In any event, as discussed *infra*, Sterling has established that the demotion was independent of the alleged discriminatory harassment by Gullo. *Id*. at 102 (holding that *Faragher/Ellerth* defense applied, notwithstanding the plaintiff's demotion and reduction in salary, because employer "established that these actions were independent of [the supervisor's] discriminatory harassment of [the plaintiff]").

Based upon these uncontroverted facts, no rational juror could find that Sterling failed to exercise reasonable care in identifying and promptly correcting alleged discriminatory harassment by a supervisor in its workplace.

With respect to the second element of the defense, Ferrara admitted that, prior to his demotion, although he had asked Gullo to cease making ageist remarks in April, he never complained to Human Resources over the course of the months of the alleged harassment by Gullo. Nor did he call the anonymous Human Resources "hotline" that Sterling makes available to its employees to report harassing or discriminatory behavior. Ferrara explained that he was aware of the hotline, but did not utilize it because, in "[his] gut at the time," he "didn't trust the process." Joint App'x at 30. Ferrara's subjective lack of trust in the established complaint procedures does not render his failure to use such procedures reasonable. *See Leopold v. Baccarat, Inc.*, 239 F.3d 243, 246 (2d Cir. 2001) ("A credible fear [of reporting discrimination] must be based on more than the employee's subjective belief. Evidence must be produced to the effect that the employer has ignored or resisted similar complaints or has taken adverse actions against employees in response to such complaints."). In short, we conclude that there is no evidence from which a reasonable jury could find that Sterling failed to meet its burden on the second element of the affirmative defense. *See Ferraro*, 440 F.3d at 103 ("The defendant bears the ultimate burden of persuasion on this element, but it may carry that burden by first introducing evidence that the plaintiff failed to avail herself of the defendant's complaint procedure and then relying on the absence or inadequacy of the plaintiff's justification for that failure.")

Accordingly, summary judgment was warranted in Sterling's favor on the hostile work environment claims under the ADEA and NYSHRL based on the *Faragher/Ellerth* defense.

5

## II. Retaliation Claims

Ferrara argues that the district court erred in granting summary judgment on his retaliation claims because a rational jury could "find that [Sterling's] articulated reason for the demotion was false and the real reason was [Ferrara's] objections to Gullo's discriminatory comments." Appellant's Br. at 8. We disagree.

Retaliation claims under the ADEA and the NYSHRL are governed by the *McDonnell Douglas* burden-shifting framework utilized for Title VII claims. *See, e.g.*, *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 110 (2d Cir. 2010) (ADEA retaliation claim); *Summa v. Hofstra Univ.*, 708 F.3d 115, 125 (2d Cir. 2013) (NYSHRL claim). To establish a *prima facie* case of retaliation, a plaintiff must show: "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010) (internal quotation marks and citation omitted). "Once a prima facie case of retaliation is established, the burden of production shifts to the employer to demonstrate that a legitimate, nondiscriminatory reason existed for its action." *Raniola v. Bratton*, 243 F.3d 610, 625 (2d Cir. 2001). If the employer demonstrates a legitimate, non-discriminatory reason, then "[t]he burden shifts . . . back to the plaintiff to establish, through either direct or circumstantial evidence, that the employer's action was, in fact, motivated by discriminatory retaliation." *Id*. More specifically, with respect to causation, Ferrara must establish that retaliation for his protected activity was a "but-for" cause of his demotion, "not simply a 'substantial' or 'motivating' factor in the employer's decision." *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 845–46 (2d Cir. 2013) (quoting *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 348 (2013)).

6

Here, assuming *arguendo* that Ferrara established a *prima facie* case of retaliation, he has not set forth evidence to rebut Sterling's legitimate, nondiscriminatory reason for his demotion from district manager to store manager—namely, his poor job performance. The uncontroverted evidence in the record demonstrates that Ferrara had a long history of well-documented performance issues as a district manager for years before his discrimination complaint. Although Ferrara asserts that he had received several accolades and commendations for his performance since 2013, the record shows that year-over-year contemporaneous performance appraisals and employee counseling reports show that sales production in Ferrara's district was consistently below expectations from 2014 until his demotion, with the exception of one January 2016 performance appraisal. *See Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 93 (2d Cir. 2001) (holding that employer met burden of demonstrating legitimate, non-discriminatory reason for termination with "well-documented" record that the plaintiff "went about his job differently from the way his superiors would have liked," including by "fail[ing] to bring in new business"). Ferrara's performance issues were documented for several years before Gullo became his supervisor. For example, a January 2015 performance appraisal stated that "[Ferrara's] sales were the lowest in the region and his standards performance was unacceptable" and that "[he] must refine his practices in effort to meet expectations." Joint App'x at 51. When Gullo became Ferrara's supervisor in 2016, the deficient performance continued, as reflected in counseling reports from November 2016, January 2017, and May 2017. For example, the May 2017 report, which Ferrara received several months before his alleged August complaint to Gullo, noted that Ferrara's district failed to improve from the prior counseling report because only five of his fourteen stores were above minimum sales expectations. *Id*. at 82. It also noted that Ferrara's

7

succession planning was deficient because six of his twelve managers, as well as eight of his thirteen assistant managers, were "below sales standard YTD" and Ferrara had "consistently underperforming leadership and sales positions [that were] not supported by a qualified team member bench to take timely action on performance management needs." *Id*. The report warned that "[f]ailure to perform role responsibilities will result in further disciplinary action up to and including separation or demotion from current District Manager position." *Id*.

Moreover, Ferrara's demotion was recommended not only by Gullo, but also by Sterling's Vice President of Operations and a Human Resources Business Partner. There is no allegation that these other Sterling representatives harbored any type of discriminatory animus. Ferrara suggests that Gullo's retaliatory bias and role in the demotion decision "tainted the process as a whole." Appellant's Reply Br. at 15. However, assuming *arguendo* that the "cat's paw" theory of liability applies to ADEA claims,[4] there is no evidence in the record that either of the other decisionmakers was influenced by Gullo's alleged retaliatory motive. Indeed, the Vice President of Operations stated that she joined in the recommendation to demote Ferrara "[b]ased on [her] own independent assessment of the performance statistics," which indicated "his territory's inadequate sales performance and his inability to serve as a leader for the employees he supervised." Joint App'x at 256. The Human Resources Business Partner similarly stated that his "independent assessment to join in the recommendation to demote [Ferrara] was based on [his] own review of [Ferrara's] sales records as well as [his] conversations with [Ferrara]" about the

---

[4] The "cat's paw" theory of liability "refers to a situation in which an employee is fired or subjected to some other adverse employment action by a supervisor who himself has no discriminatory motive, but who has been manipulated by a subordinate who does have such a motive and intended to bring about the adverse employment action." *Vasquez v. Empress Amb. Serv., Inc.*, 835 F.3d 267, 272 (2d Cir. 2016) (applying theory to retaliation claim under Title VII).

need for improvement in performance, which were unsuccessful. *Id*. at 258. Ferrara has offered no evidence to the contrary. Ferrara has therefore failed to provide sufficient evidence from which a reasonable jury could find either that Sterling's reason for demoting him—that is, his poor performance—was pretext for retaliation against him or that his complaint was the "but-for" cause of his demotion. *See, e.g.*, *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 167–70 (2d Cir. 2014) (affirming summary judgment where evidence would not "permit a jury to find that age was the but-for cause of the challenged adverse employment action" (alteration adopted) (internal quotation marks and citation omitted)).

In sum, the district court properly granted summary judgment to Sterling on Ferrara's retaliation claims under the ADEA and NYSHRL.

*          *          *

We have considered Ferrara's remaining arguments and conclude that they are without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9